DAY v. KERR.

Day v. Kerr.    In a suit in chancery, where infant defendants had not been served with pro-
                cess, but, upon inspection of the record, it appeared that, on their mo-
                tion, a guardian, *ad litem*, had been appointed, who proceeded in the
                cause: The court held that the decree against the infants was not
                void, and therefore could not be impeached in a collateral suit.

Error to St. Louis Circuit Court.

ALLEN for Plaintiff.

SPALDING & TIFFANY for Defendants.

*Opinion of the Court delivered by Tompkins, Judge.*

This is an action of ejectment, brought by Matthew Kerr, against Charles Day, in the circuit court of St. Louis county. Judgment was rendered for Kerr, and to reverse the judgment this writ of error is prosecuted.

The record shows that in the year 1807, Adam Woolfort was in possession of the lot for which this action was brought, and that he died possessed in the year 1816, leaving a widow, Nancy Woolfort, and three children, Henry, Ann, and Minerva, who were minors; that in 1818 a suit was commenced in chancery against the widow, and the minor children, heirs of said Woolfort, and that the writ was returned to the August term of that year. The sheriff's return was in the words following: " Executed this summons by leaving a copy of the bill, and reading this summons to Nancy Woolfort. Henry and Ann Woolfort are minors. 28th day of February, 1818." At the same term of the same year, and on the 24th day of August, 1818, an order was made in the said cause in the words following, to wit: "Matthew Kerr v. Nancy Woolfort, Ann Woolfort, and Minerva Woolfort, heirs and representatives of said Adam Woolfort. The complainant by his attorney appears before the court here, and on the motion, and by and with the consent of said Henry, Ann, and Minerva, the minor heirs and representatives of the said Adam Woolfort, the

court appoints John M. Reed the guardian of the said minors, for the purpose of answering the bill of complaint, and afterwards the said infant heirs, by their guardian, filed their answer in the said cause ;" and the chancellor under the state government decreed the title in the property to Kerr the plaintiff in this cause. The defendant moved the court to instruct the jury, that no title passed out of the minor heirs of Adam Woolfort by this decree of the court of chancery in favor of Matthew Kerr. It is insisted by the plaintiff in error that, as no process was served in the chancery suit, which is the evidence of the title of the plaintiff in this cause, on the infants, and certainly none on Minerva, whose name is not even mentioned in the sheriff's return, the decree in Kerr's favor is a mere nullity ; that the minors could not even move the court to appoint a guardian. However idle it may be for an officer to read a summons in chancery to an infant, it is conceded that it was his duty to serve the process as the law prescribed, otherwise there could be no ground on which the court could issue further process to bring them in. None other appears to have been issued. But certain it is they were present in court, and when they were in the power of the court, it was in the power of the court, if they were above the age of fourteen years, to admit them to choose a guardian. Geyer's Digest, p. 305. It appears from the record, that they did choose one ; and if, in reality, they did move the court for leave, I should suppose that such motion would not vitiate the assent they afterwards gave to the appointment of the guardian. I suppose, however, that in reality they never moved the court in the cause, and that the entering of that motion was the mere act of the clerk, and that nobody ever observed it during the progress of the cause. Standing, however, as it does, we are forced to regard it as an appearance, and as such it is certainly a nullity : but it cannot follow, that because the motion gave the court no power over them, therefore the appointment of the guardian, and their assent to such appointment, are void. If the infants, who we are to presume were then above fourteen years of age, had was not void, and therefore could not be impeached in a collateral suit.

Day v. Kerr.

In a suit in chancery, where infant defendants had not been served with process, but, upon inspection of the record, it appeared that, on their motion, a guardian, *ad litem*, had been appointed, who proceeded in the cause : The court held that the decree against the infants

MAY TERM. in due time moved in this cause, it might have been perhaps
1842.    some evidence of fraud in obtaining the decree, that they

Day v. Kerr. were brought into court without the previous service of the
subpœna in chancery.

But unsupported by other evidence, it would have been, in my opinion, of little avail even to them. They, however, having assented to the appointment of guardian, and that guardian having elected to proceed in the cause, the decree of the court therein cannot be regarded as void, and therefore Day, the plaintiff in error, has no right to object to its being given in evidence against him in this cause. The circuit court then, in my opinion, committed no error in refusing to give the instructions required; and its judgment is therefore affirmed.