### WALEA v. McLEAN AND ANOTHER.

An appeal or writ of error must be docketed at the Term to which it is returnable ; and if it is not, its force and effect are destroyed for any purpose whatever. It can no longer delay the issuance of an execution, or be docketed or tried in the appellate Court.

Appeal from Jefferson.

*H. N. & M. M. Potter,* for appellant.

*J. B. & G. A. Jones,* for appellee.

HEMPHILL, CH. J.   The appellees move that this case be stricken from the docket on the ground that it was filed irregularly and without the authority of law.

The judgment below was entered at the Fall Term of the District Court, in 1852.   The appeal was perfected by the execution and approval of the appeal bond on the twenty-fifth of November, 1852.   The appeal was consequently returnable at the Term of the Supreme Court which commenced at Galveston in January, eighteen hundred and fifty-three.   The record was not filed until the fourth day of May, eighteen hundred and fifty-three, some time after the adjournment of that session of the Supreme Court.   In the case of Weatherhead v. Lee (3

Tex. R. 189) this Court said : "We have often decided that "an appeal or writ of error must be docketed at the Term to "which it is returnable; and if not, its force and effect are de-"stroyed for any purpose whatever. It can no longer delay "the issuance of an execution, or be docketed or tried in the "appellate Court." To the same effect are the decisions in Roberts & Swisher v. Landrum (3 Tex. R. 16) and Brock *et al.* v. Jarman. (1 Tex. R. 202.) This cause having been docketed after the adjournment of the Term to which it was returnable, falls within the rule as expressed above and must be dismissed. There was an agreement at the Term in 1854 that the cause should be continued by consent, but this will not of itself take the case out of the rule. Had the parties agreed that the cause should remain on the docket as if brought up by writ of error, in order to save the expense of petition, citation and transcript, the agreement would have been valid and the cause would have had a standing on the docket. But the mere agreement to continue cannot be regarded as equivalent to an agreement that the cause should stand as on writ of error, and the motion is therefore sustained and the cause dismissed.

Appeal dismissed.