## Martin Dias vs. Lucas Munos.

Ordinarily, at least, this Court will not entertain a writ of error which is not returned to the proper Term, and where the time for prosecuting another writ has expired before the return of such writ, although the defendant in error may not take the objection.

Whether, under any circumstances, an appeal filed after the return Term, the appellee appearing and making no objection until too late to, take out a writ of error, would be continued on the docket, need not be considered.

Error from Bexar. Tried below, before the Hon. Thomas J. Devine.

The judgment below was rendered June 6th, 1853. The citation in error was served Nov. 16th, 1854. The transcript was filed in this Court Nov. 6th, 1856.

*Paschals & Stribling*, for plaintiff in error.

*J. A. & R. Green*, for defendant in error.

Hemphill, Ch. J. The citation to bring in the defendant in error was served on the 16th Nov., 1854, and if not returnable in 1854, it was at least returnable to the Term of this Court in 1855. Whether, under any circumstances, an appeal filed after the return Term, the defendant appearing and making no objection until too late to take out a writ of error, would be continued on docket, need not be considered. The record in this case was not filed until the 6th Nov., 1856. This was too late for a second writ of error, but the delay was in no degree attributable to the defendant, (if that indeed be a circumstance of any importance.) The defendant does not now take the objection, but we must decline the consideration of

causes not returned within the time required by law ; and if there be any exception to the general rule, this can come within no principle authorizing such exceptions. Fortunately this rule of procedure does not operate in this case to the injury of the plaintiff. That the judgment is right is established by abundant and satisfactory proof ; and had the record been returned in due time, yet the judgment could not have been reversed.

Writ of error dismissed.