## L. C. CUNNINGHAM & Co. v. GEORGE K. PERKINS.

It has been conclusively settled, by former decisions of this court, that when a writ of error has been sued out, but no transcript of the record has been filed in this court within the time prescribed by law, the writ has lost its force and effect for all purposes whatever. (Paschal's Dig., Art. 1587, Note 614.)

The 6th section of the ordinance of the constitutional convention of 1866, entitled "An ordinance making valid the laws and acts of officers therein mentioned, and for other purposes," (which was ordained 2d April, 1866,) reads as follows: "In all civil actions, the time between the 2d day of March, 1861, and the 2d day of September, 1866, shall not be computed in the application of any statute of limitation." (Paschal's Dig., Art. 4631 a.) This ordinance does not modify or apply to the provisions of the "act concerning proceedings in the supreme court," by which the time is prescribed within which transcripts of records must be filed in this court. (Paschal's Dig., Art. 1587, Note 614.)

The "act concerning proceedings in the supreme court" is not a statute of limitation, within the meaning or purview of the ordinance referred to. (Paschal's Dig., Art. 1587, Note 614.)

The court discussed the point, but did not deem it necessary to decide whether the convention had the right to pass this ordinance, or whether it is void *ab initio*.

When a defendant in error has filed a transcript in this court after the time allowed by the statute for that purpose, the case will be stricken from the docket at his cost.

ERROR from Bastrop. The case was tried before Hon. A. W. TERRELL, one of the district judges.

The petition for writ of error 29th November, 1861; citation waived 29th November, 1861; error bond 26th September, 1861. On the 15th October, 1866, the attorney for appellee moved to file the transcript of the record, and that the same be docketed, and suggested delay, and asked an affirmance of the judgment, with damages. No motion to dismiss appears. The court seems to have treated it as a question of jurisdiction.

*George W. Jones,* for appellee.

MOORE, C. J.—Service of the citation in error in this case was accepted by the attorney for the defendant in error on 29th of November, 1861, and on the 15th of October, 1866, the transcript of the record was filed by his said attorney in this court. By the law in force at the time service of the writ of error was perfected, the transcript of the record should have been filed in this court and the cause docketed by the first day of the time in the term of the court beginning in October, 1862, designated for the trial of causes brought from the district to which this case belongs. And unless the right of filing the record at this term of the court can be sustained by subsequent legislation, it must be regarded as conclusively settled, by repeated decisions, that the writ of error has, by the failure to bring the case into this court at that term, lost its force and effect for any purpose whatever. (Walea v. McLean, 14 Tex., 18; Dias v. Muños, 17 Tex., 518; Stone v. Taylor, 27 Tex., 555.)

[No such point is published in this last case, nor does the case appear in 25 Texas, where it should. Paschal's Dig., Note 614, p. 391.—*Reporter.*]

It is insisted, however, by the defendant in error, that the law upon this subject has been modified, and the right to have this case adjudicated at this term of the court, notwithstanding the failure to file the transcript and docket the cause at the return term of this court for said writ of error, has been secured to him by the 6th section of an ordinance of the late convention, adopted April 2, 1866, entitled "An ordinance making valid the laws and acts of officers therein mentioned, and for other purposes," which is in the following language, to wit: "In all civil actions, the time between the 2d day of March, 1861, and the 2d day of September, 1866, shall not be computed in the application of any statute of limitation." (Paschal's Dig., Art. 4631 *a.*) In our opinion, however, the ordinance has no just application to the question before the court, and

cannot be relied upon to maintain the position in aid of which it is invoked. It is therefore unnecessary for us to consider at this time the grave question, which in other States has frequently elicited discussion and differences of opinion among the ablest jurists, whether the representatives of the people, assembled in convention for the purpose of forming a constitution for the State, can confer or revive a right of action previously lost or barred by the statute of limitation, or the still broader question, whether a convention thus assembled may exercise general legislative powers in respect to individual and private rights.

The ordinance was intended and purports merely to prescribe a rule for the computation of time in the application of the statutes of limitation in civil actions. But the question before the court is not of this character; it does not arise upon the application of the statute of limitation to a civil action. The law which is claimed to be modified by this ordinance can in no proper sense be characterized as a statute of limitation, nor does it, in the evident meaning of the phrase, refer to the computation of time in a civil action. It is to be found in "An act concerning the proceedings in the supreme court," and was enacted, not as a statute of limitation, to regulate and prescribe rules of practice and proceeding in this court. It is true, the right in question, like many others, will be lost or forfeited if not exercised within the time and in the manner prescribed by the statute. For example, motions for new trials, or in arrest of judgment, must be made within a prescribed time, or they are precluded; many exceptions, if not presented as directed, are lost: appeal bonds must be given within the period limited by law. But certainly none of the statutes regulating these matters can be called statutes of limitation. Laws prescribing rules of this character, although time may be an element in them, are intended to define the circumstances and manner of prosecuting actions, while statutes of limit-

ation refer to and prescribe the time within which the right of action must be exercised. The latter has relation to the right, the former to the rules controlling and directing its exercise. (The State v. Kroner, 2 Tex., 492.)

The transcript of the record in this case having been filed in this court by the defendant in error after the time authorized by law, it is ordered that the same be stricken from the docket at his cost.

ORDERED ACCORDINGLY.