ALEXANDER GLENN ET AL. V. JOHN P. SHELBURNE.

The 13th section of the act to regulate proceedings in the district court reads as follows: "The sheriff, or other officer receiving any process, shall indorse thereon the day on which he received it, and shall execute the same, where not otherwise directed by the writ or citation, by delivering to the party or parties in person, upon whom he is required to serve it, a copy thereof, and a copy of the petition accompanying it, if there be one, if the party can be found; when the process directs other mode of service, it shall be executed according to the requirements of the process." (Paschal's Dig., Art. 1433, Note 545.)  By acknowledging service, the defendants only waived citation and service, but no other right. They were entitled until the fourth day of the term to answer. (Paschal's Dig., Art. 1508, Note 594.)

Where the defendants acknowledged service more than five days before the court, but the petition was not filed until the fourth day of the term, the plaintiff had no right to judgment by default at the same term. The petition ought to have been filed the first day of the term.

ERROR from Austin. The case was tried before Hon. GEORGE W. SMITH, one of the district judges.

The facts are fully stated in the opinion of the court.

*Benjamin T. Hines* and *Clinton Fort,* for plaintiff in error.

No brief for the defendant in error has been furnished to the *Reporter*.

WILLIE, J.—The petition in this case was filed on the 7th day of June, 1860. The district court for the county in which the suit was instituted commenced its session on Monday, the 4th day of June, 1860. On the 7th day of

April preceding, the defendants below accepted service of the petition, and waived copy of writ and all other process. On the 14th of June, 1860, the plaintiff amended his petition, by alleging that since the institution of the suit the note upon which it was founded had been lost or mislaid, and that it was correctly described in the original petition, and in the mortgage given to secure its payment, to foreclose which the suit was in part brought, prayed judgment, &c. On the 15th of June, judgment by default was taken against defendants, a jury came and found a verdict for plaintiff for the amount of the note and interest, and also that the mortgaged lands were bound for the same, and a decree was rendered in accordance with the verdict.

Defendants sued out a writ of error to this court, and assigned for error, 1st, that the original petition was not filed until the fourth day of the term of the court at which the judgment was obtained; 2d, that the amended petition averring the loss of the note, was not sworn to.

We shall notice only the first of these assignments. The defendants, by their acceptance of service, only waived the issuing of an original citation, and service of this and of a copy of the petition, in the manner prescribed by law. They did not waive any right which they would have possessed had service been perfected by the sheriff in the usual way. They were still entitled to have until the fourth day after the meeting of the court to prepare and file their defenses to the action, and it was not at the option of the plaintiff to postpone their allowance of time from the beginning to any other portion of the term by merely filing the petition on some day subsequent to the beginning of the court. The defendants may have attended court on the first day of the term, and not finding the case on the docket, or the petition on file, may have concluded that the suit would not be prosecuted against them at that term of the court.

We will suppose that the court had lasted for six weeks,

and that the defendants had attended it faithfully with their witnesses for the first five of these weeks, awaiting the filing of the petition, in order that they might plead and establish their defenses to the suit. It would hardly be proper, under such circumstances, to allow the plaintiff, on the first day of the sixth week, and after the defendants had left the court, to file his petition, and four days thereafter to take his judgment by default. If the plaintiff was not bound to file his petition on the first day of the term, he was not compelled to file it on any other day of the same, and he could have retained it in his possession until the next or any subsequent session of the court. This latitude allowed to plaintiff would work too much hardship on defendants, as it would force the latter to attend court with their witnesses, from day to day and from term to term, at great expense, awaiting the commencement of a suit which they authorized, by their acceptance of service, to be instituted immediately.

We think the proper practice in such cases is to file the petition at least by the first day of the term after the ackowledgment of service.

For the error of the court, in allowing the judgment by default, under the circumstances of this case, the judgment is reversed, and the cause

Remanded.