## D. S. Taylor v. E. P. Whitfield.

1. In a suit for the sale of land by decree, the records show that a minor was made a co-defendant with adults, and that, without service of process upon him, or the appointment of a guardian *ad litem* for him, judgment by default was taken, with decree for the sale of the land. The minor's interest in the land is not disclosed in the record ; nor is he a party to the writ of error, which was sued out by an adult defendant. *He'd*, that from the mere fact that the plaintiff deemed it necessary to make the minor a party, it must be presumed that he had an interest to be affected by the judgment ; that the judgment was rendered before the court below acquired jurisdiction of him, and consequently is erroneous as to him ; and inasmuch as there can be no proper judgment in the case without a legal investigation of his rights, the judgment is reversed and the cause remanded, although he is no party to the writ of error.

Error from Colorado.　Tried below before the Hon· I. B. McFarland.

There being no statement of facts in the transcript, reference is made to the argument of counsel, and to the opinion of the court.

*Edward Collier*, for the plaintiff in error.—The record in this cause discloses a tissue of double and alternative pleading rarely met with, to say nothing of the strange relief granted—a relief entirely variant from that sought. In the absence of a statement of facts, this being a judgment by default, and everything *pro confesso*, the pleadings of plaintiff are relied on for the facts, as well as a disclosure of the cause of action. On the —— day of ——, D. S. Palmer purchased from one Wallace a certain tract of land described in plaintiff's original petition, for which he executed and delivered his two certain promissory notes, respectively, for the sum of $120 53 and $120 53, due and payable to said Walker, as the purchase money for said tract of land, with the plaintiff as security on each note ; that afterwards plaintiff paid the two notes, amounting to the sum of $241 06, said Palmer having

been gathered to his fathers; and that by said payment plaintiff became the legal and equitable owner of said tract of land, or at least substituted to all the rights of the vendor's lien, or else substituted to the rights of the original purchaser thereof. Afterward plaintiff by amendment made Dorcas S. Taylor and her children and children-in-law parties defendant. In both his original and amended petitions plaintiff prays for writ of possession and for damages.

On the seventh day of October, A. D. 1868, judgment final was rendered by default, on writ of inquiry, against all the defendants, and foreclosure of lien on said land, and it made liable for the payment of the sum of $2500 10. Said judgment was rendered on the following verdict, to-wit: "We the jury find for the plaintiff the sum of $2500 10, with eight per cent. interest thereon from the day of settlement, to-wit: the twenty-third day of January, A. D. 1862, to eighth of October, 1868, and that the land described in plaintiff's petition be made liable for the same.

(Signed)                    "J. W. JOHNSON, Foreman."

Dorcas S. Taylor, a *femme sole*, prosecutes this writ of error, assigning five errors, three of which are insisted on, to-wit:

Second—Because the verdict of the jury was not founded upon any submitted or proven fact or facts.

Third—Because said verdict was contrary to law.

Fourth—Because the land described in plaintiff's original petition could not be subjected to the vendor's lien, there being personal security upon the promissory notes executed and delivered for the purchase money thereof.

In reference to the first (second) assignment of error, it is submitted that there is no allegation in plaintiff's pleading, praying either for a judgment of foreclosure or for $2500, or claiming either as a right; yet such is the verdict and judgment. It can not for a moment be entertained that a party litigant can assert

one legal grievance, and receive the remedy due for another, else A, in a suit with B, could recover judgment against C, or sue for the foreclosure of a lien on one tract of land, and recover against another; or sue for a leasehold estate and recover a freehold; for it would be in contravention to the harmonious action and effect of law.

As to the second (third) assignment, it is obvious that the verdict is obnoxious thereto. For this, all verdicts must be founded upon a written charge of the court as to the law of the case, (see Paschal's Digest, page 359, Art. 1464,) and the finding of the jury shall be responsive to the pleading. (See Thompson v. Tinnin, 25 Tex. Supplement Reports, page 56.) And the finding by a jury, of matter not presented by the pleading, can have no validity, and cannot constitute a basis for a judgment. (See Hardy v. De Leon, 5 Tex. Reports, page 211.) It will be perceived that, according to the pleadings, plaintiff only paid out $241 06, whereas the verdict is for $2500 10, and all charged against the said land, when, according to the facts, it is only bound, if at all, (which is denied,) for the said sum of $241 06; and yet it is burthened with the enormous finding of the jury! (See Transcript, pages 17, 18 and 19.)

The third (fourth) assignment of error is equally manifest. It is a constituent part of the law of vendors, as old as the law itself, that the taking of personal security is the release of the vendor's lien, and a substitution therefor; and inasmuch as plaintiff only sought to be substituted to the rights of a vendor, a decree of foreclosure against the land, in his favor, is erroneous, the same having been released by the acts of the vendor. It has been previously decided by this court (Parker County v. Sewell, 24 Texas Reports, page 238) that such is the law, and that a judgment rendered in such case against land is erroneous and illegal, and must be reversed. The same doctrine is enunciated in 4 Kent, p. 151; 2 Story's Equity Jurisprudence, pages 648 and 649, note, 5 edition.

As to a resulting·trust, plaintiff cannot be heard to assert such a claim, after· having once styled himself security. (2 Story's Equi. Jurisprudence, page 631, Art. 1215, 5 edition; Dart on Real Estate.) Besides, under our statutes, he has a specific remedy, which he should have pursued. Besides, the . vendor having divested himself of and invested the vendee (Palmer) with the estate in fee, and that· with the knowledge of plaintiff, a judgment of foreclosure is manifestly illegal and erroneous. There being no equity· of estate between the vendor and vendee, there can possibly be none in favor· of plaintiff. For these and other errors, the judgment should be reversed, and the cause remanded· or dismissed. ·

*J. T. & D. W. Harcourt*, for the defendant in error. —The facts of this case may be briefly stated as follows, viz.: Whitfield, as the relative and friend of D. S. Palmer, purchased the land described in the petition, and the deed was executed by Wallace and wife to D. S. Taylor. Palmer, the husband of Dorcas S., executed his notes for the purchase money, with Whitfield as security.

Palmer having died intestate and insolvent before the maturity of the notes, Whitfield paid the same, and advanced a large sum of money for improvements on said land.

· According to the proof a settlement was had between the parties on the twenty-third day of January, 1862, when it was found that Whitfield had advanced and paid for the defendants, on the said land and improvements, $2500. Whitfield filed his petition on the twenty-ninth of January, 1866, asserting his equitable title to the land and improvements, and praying a foreclosure and sale. At the March term, 1867, a judgment by default was rendered in favor of the plaintiff, with a writ of inquiry. At the October term, 1868, the writ of inquiry was executed and a verdict rendered for the plaintiff, for the sum of $2500, with interest

from the date of the settlement between the parties, and that the land described in plaintiff's petition was liable for the same. From this judgment Dorcas S. Taylor alone prosecutes this writ of error.

First—The first assignment of error is submitted with the single remark that it presents no question of law.

Second—The second assignment of error cannot be seriously entertained. The cause of action as set out in the petition is admitted by default, and all the plaintiff has to prove is, the amount of the damages. (Sayles's Prac., 574; Long v. Wortham, 4 Tex., 381.)

Third—The third assignment of error is that the verdict was contrary to law.

The record shows that the plaintiff in error never paid any of the purchase money, or for any of the improvements made on the land; and it is difficult to perceive upon what grounds she bases her claim to disturb the verdict and judgment in this case.

Whether we consider the right of Whitfield, the defendant in error, as being substituted to the rights of the vendor's lien, or as based upon the resulting trust from the payment of the purchase money, in either view of the case, a court of equity would protect and enforce his equitable title. It is familiar law that the vendor holds the superior title until he receives payment of the purchase money.

This lien is treated as a natural equity, having its foundation on the earliest principles of courts of equity; for a thing may be well deemed unconscientiously obtained when the consideration is not paid. (2 Story's Equity, 1220; Kleiser v. Scott, 6 Dana, Ky., 138; Burke v. Chrisman, 3 B. Monroe, 50.)

This lien may be enforced in favor of a third person, and giving him the benefit by way of substitution to the vendor, where he has been compelled to discharge the lien of the vendor. (2 Story's Equity, 1227.)

" It is a general rule, that if an estate be purchased in the name

of one person, and the price paid with money belonging to another, it will be subject to a trust for him by whom the money was advanced, even without a declaration to that effect." (Dart's Vendors and Purchasers of Real Estate, p. 436 and note; Letcher v. Letcher's heirs, 4. J. J. Marsh, Ky., 592; Rankin v. Harper, 23, Miss; 2 Bouvier's Law Dictionary, Resulting Trust; Willis on Trust, 55; 2 Johnson's Ch. Rep., 409, 450; 1 Johnson Ch. Rep., 582.)

Fourth—The fourth assignment of error raises the question of a waiver of the vendor's lien by taking personal security of Whitfield on the notes.

It is believed that this question cannot be a debatable one in the present aspect of the case, because Wallace, the vendor, is not the party seeking to enforce the lien.

But conceding for the argument that the plaintiff in error may invoke this principle of law, we deny that it can avail her in the present case. ". Promissory notes and bills of exchange are considered merely as a mode of payment, and if a third person join in them as surety, this will not affect the lien." (See Dart's Vendors and Purchasers of Real Estate, p. 346.)

" The burden of proof rests on the vendee to show that the vendor agreed to rest on the security, and to discharge the land." (Id., note.)

LINDSAY, J.—The judgment in this case is erroneous, and must be reversed and the cause remanded.

It appears from the record, that a minor, Beverly Palmer, was made a party defendant, and without service of process upon him, without the appointment of a guardian *ad litem* to defend and protect his interest, if any he had, (which must be presumed to exist from the necessity of making him a party,) the judgment was rendered before the court had acquired jurisdiction as to him. Besides, it is admitted by the pleading, that the land sought to be

subjected was conveyed to the ancestor of the minor, and against him no judgment could be taken by default, even if process had been served upon him.   The petition does not disclose the nature of the transaction in such a way as to enable the court to deter-mine intelligently upon the rights of the parties.   The original petition alleges an equity for advancements made to the ancestor of some of the defendants, and seeks to subject a tract of land in the possession of another party, because of an equity against that ancestor, which land, it avers, had been bought with the money so advanced.   But how these different parties, in right and inter-est, are affected, is left in Cimmerian darkness.   The record gives no intelligible view of the matter in controversy, so that the court may adjudicate understandingly upon the rights of the parties. The judgment was taken by default.   There is no answer from any of the adult defendants, no service of process upon the minor defendant, no guardian *ad litem* appointed ; yet there is a judg-ment by default, and an order of sale decreed of a tract of land, in which the court must presume the minor was interested, from the mere fact that the plaintiff in the court below deemed it neces-sary to make him a party !   It is true, that Dorcas S. Taylor is the only plaintiff in error.   But the record discloses that the in-terest of a minor is involved in the subject matter of the suit, and there can be no proper judgment in the case without a legal inves-tigation of his right.   The judgment is reversed and the cause remanded.

                                          Reversed and remanded.