## J. M. KENNEDY v. ANNA McCOY.

1. ACCEPTANCE OF SERVICE OF CITATION.—A party accepting service of the petition, and waiving process, does not thereby waive his right to defend the action.
2. DEFAULT—SAME.—Where service of citation was waived and the petition was not filed by the first day of the term, it was error to take judgment by default at such term.
3. Glenn *v.* Shelburne, 29 Tex., 125, approved.

ERROR from Harrison. Tried below before the Hon. M. D. Ector.

March 6, 1876, petition was filed by Anna McCoy *v.* J. H. Kennedy, in the District Court of Harrison county, in term

time—the term having commenced 17th of January—on a promissory note, and to foreclose a mortgage upon real estate.

On the petition was indorsed the following:

"STATE OF TEXAS, }
*Harrison County.* }

"I accept service of the above and foregoing petition, and waive copy of the same and the notice required by law, this January 10, 1876.

"J. M. KENNEDY."

On the same day the petition was filed, judgment by default was rendered for the amount due on the note, and for foreclosure of the mortgage against Kennedy.

Motion was made to set aside the judgment by default, for want of sufficient service, which was overruled.

Kennedy brought the case, by writ of error, to this court.

*George L. Hill,* for plaintiff in error.

*Turner & Lipscomb,* for defendant in error.

MOORE, ASSOCIATE JUSTICE.—In the case of Glenn *v.* Shelburne, 29 Tex., 125, it is held, that a defendant who has accepted service of the petition, and waived copy of the writ and all other process, does not thereby waive his right to defend the action, and has until the fourth day of the term to file his answer; and it was error, therefore, to render judgment by default, though service had been accepted, and copy of the writ waived by the defendant, more than five days before the commencement of the term at which the judgment was rendered, because the petition was not filed at least by the first day of the term.

The facts in this case are even stronger than in the case of Glenn *v.* Shelburne. In it, the default was not taken until more than four days after the filing of the petition. Here, the judgment by default was rendered on the day on which

the petition was filed, which was more than a month after the commencement of the term.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.