A. S. McANEAR ET AL. v. B. H. EPPERSON ET AL.

(Case No. 1125.)

1. CASES DISTINGUISHED.— This case distinguished from Taylor *v.* Rowland, 26 Tex., 293, and from Taylor *v.* Whitehead, 33 Tex., 181.

2. VOID AND VOIDABLE — JUDGMENT.— The judgment of a court of general jurisdiction recited an appearance by minor defendants, an adjudication that they were minors, the appointment of a guardian *ad litem*, and his appearance and defense for them; *held*, the fact that the minors were not really cited personally, even if sufficient to cause a reversal of the judgment on direct proceedings, fur-

nished no ground for attacking the judgment in a collateral proceeding.

3. CASES DISCUSSED.— Seguin v. Maverick, 24 Tex., 526, discussed.

4. BILL OF REVIEW.— Proceedings by bill of review under the statute (Pasch. Dig., arts. 4616, 4617, 1488, 1489, 1496), or in the nature of a bill of review in chancery, must have been commenced, if instituted by heirs, in any event within two years after the youngest attains his majority.

5. CONSTITUTIONAL LAW.— Art. 12, sec. 43 of the constitution of 1869, which suspended statutes of limitation of civil suits from January 28, 1861, to March 30, 1870, did not apply to the statute requiring the prosecution of writs of error within two years from the date of the judgment.

6. BILL OF REVIEW — CONSTITUTIONAL LAW.— Sec. 14, art. 12 of the constitution of 1869 has no application to bills of review.

APPEAL from Red River. Tried below before the Hon. Joseph Bledsoe.

Suit in trespass to try title, brought by appellants for the recovery of 230 acres of land, part of the headright of J. B. McAnear, the father of appellants. The defendants set up title under a deed from Alex. McAnear to defendant B. H. Epperson; and that Alex. McAnear held the land by virtue of a decree of the Red River district court, rendered at its spring term, 1852, in the suit of Alex. McAnear against the heirs of J. B. McAnear, deceased, No. 2103. The defendants in the last named cause were appellants here, together with their step-mother, Elizabeth McAnear. Appellants replied that though true they were named as defendants in cause No. 2103, they were minors at the time of that suit and decree; that they were never served with citation in that suit and knew nothing of it until after rendition of the decree; that the decree was obtained by fraud on the part of their uncle, Alex. McAnear, who never paid for the land and had no valid claim on the same; that the appellees had full notice of the alleged fraud at the date of their respective franchises, and that the decree was absolutely void for want of service in the suit and for fraud. The minors were repre-

sented in the former suit by guardian *ad litem* properly appointed.

*L. E. Dahoney,* for appellant.

I. That records of a court of general jurisdiction import absolute verity, is subject to qualification. The record must be consistent with itself. If other parts of the record show that the court had not acquired jurisdiction over the persons of the defendants, then the mere recital of the fact of their appearance would not confer the jurisdiction. The record shows that the spring term of the district court of Red River county, for that year, began on the 30th day of May, 1853; it also shows that no citation ever issued against any of the defendants in cause No. 2103; it shows that during term time, and on the 7th of June, 1853, the adult defendant waived service of citation; but did not waive the five days time which should have elapsed after the service of and before the beginning of the term in order to obtain judgment at said term. Four days after, on the 11th of June, 1853, the judgment was rendered. We hold that no jurisdiction had been acquired at that time over the persons of any of the defendants, and that said judgment of June 11, 1853, was a nullity. Glenn *v.* Shelburne, 29 Tex., 126. It appears from the record, affirmatively, that the minors were not cited, and therefore the judgment was and is void. Moore *v.* Starke, 1 Ohio St., 369.

II. Had the minors appeared in court, as recited in said judgment, they were not competent to waive either the service of process or the time of service, because under the law they could not legally act for themselves in anything. Freeman's Void Judicial Judgments, sec. 17; Winston *v.* McLendon, 43 Miss., 254.

III. Neither can service of proofs be waived by the guardian. Doe *v.* Anderson, 5 Ind., 33; 8 Blackf. (Ind.), 301; 1 Smith's Ch. Prac., 145; Chambers *v.* Jones, 72 Ill., 275.

*Hall, Scott & Taylor* and *B. H. Epperson*, for appellees.

BONNER, ASSOCIATE JUSTICE.— This case has been held under advisement for several terms of the court.

I. If it be admitted that there was no personal service on the minor defendants in suit No. 2103, in the district court of Red River county, and who are the plaintiffs in this suit, then the controlling question is this: Was the judgment rendered in that suit void for want of such service on the minor defendants, they having been represented by a guardian *ad litem*, so that it is subject to be collaterally impeached? There is great conflict of authority upon this question.

Much apparent conflict, however, can be reconciled if the following distinctions be kept in view, between —

1. Those cases in which such judgments have been held irregular and voidable only, and subject to be reversed on direct proceeding, as on appeal or writ of error; and those in which the judgments have been held not absolutely void for want of jurisdiction over the person of the minors so that they could be impeached collaterally.

2. Those cases pertaining to estates, which arose under statutes similar to our probate act of 1848, which made the administrator so far the representative of the heirs, that they were bound by proper proceedings had by or against him, for the sale of real property of the estate, in the due course of administration for the payment of debts, and those under statutes, similar to our subsequent probate act, which required, as a prerequisite to the exercise of such jurisdiction, that special statutory notice should be given.

3. Those cases decided by courts of special limited jurisdiction, where it must be affirmatively shown that the jurisdiction had attached; and those decided by courts of general jurisdiction, in which it will be presumed that

the jurisdiction had attached, unless contradicted by the record.

4. Those cases which were considered so far in the nature of proceedings *in rem* that the property gave jurisdiction to the court; and those which were adversary in their nature and required personal service or appearance.

As said by Ch. J. Dillon in Good *v.* Norley, 28 Iowa, 207, "the cases on all these subjects are very numerous and do not admit of being reconciled. It would be without profit to burden an opinion with a detailed discussion of them."

After a careful and extended examination of many cases in addition to those cited by counsel, in which the judgments in adversary proceedings, like the one now under consideration, were sought to be set aside because the minor defendants, although represented by guardians *ad litem*, had not been personally cited, we indorse this remark of Judge Hitchcock's in Robb *v.* Irwin: "Much is said in the books upon the subject. But I apprehend it will be found upon examination that decrees entered under such circumstances are generally, if not universally, holden to be voidable, not void. Such, I have no doubt, is the weight of authority." 15 Ohio, 699; Preston *v.* Dunn, 25 Ala., 507; Nelson *v.* Moon, 3 McLean's C. C., 319; Day *v.* Kerr, 7 Mo., 426; Sheldon *v.* Newton, 3 Ohio St., 504.

In Taylor *v.* Rowland, 26 Tex., 293, and Taylor *v.* Whitfield, 33 Tex., 181, there was neither personal service nor the appointment of a guardian *ad litem;* and besides, the judgments in these cases were reversed on direct proceedings for this purpose.

We are of opinion, upon the weight of authority, that a failure to cite the minor defendants personally in suit No. 2103, they having been defended by a guardian *ad litem*, however sufficiently erroneous to have caused a reversal of the judgment against them on direct proceed-

ings, was not such fatal defect as would render the judgment absolutely void, so that it can be successfully impeached on a collateral attack. It may be added that the district court of Red River county was one of general jurisdiction and entitled to all reasonable presumptions in favor of its judgments; that the judgment recites an appearance by the minors, an adjudication by the court that they were minors, the appointment of a guardian *ad litem*, and his appearance and defense for them. Horner *v.* Doe, 1 Ind. (Carter), 130; Day *v.* Kerr, 7 Mo., 426.

It does not appear affirmatively by the record that the minors were not personally cited, but only negatively so by failure to show citation and service. Citation was asked, and if served, but judgment was rendered against the minors before the time given them by law to enter an appearance, as seems to have been done against their co-defendant, this would have rendered the judgment voidable only and not void. McNeil *v.* Hallmark, 28 Tex., 157. In Glenn *v.* Shelburne, 29 Tex., 125, such judgment was held erroneous and reversed on writ of error.

II. Counsel in response to the inquiry of the court whether the suit, after so long delay, can be maintained as a bill of review, on the ground of alleged fraud, answer, in effect, that the proceedings were not instituted for that purpose, further than the question of the invalidity of the judgment should come incidentally under consideration.

Under Seguin *v.* Maverick, 24 Tex., 526, the case not being one of citation by publication, would not come within the provisions of our statute in regard to bills of review.

But whether considered as a bill of review under the statute or as a proceeding in the nature of a bill of review in chancery, it should have been instituted, in any event, within two years after the youngest of the three minors

became of age.    Pasch. Dig., arts. 4616–7, 1488–9, 1496; Murchison v. White, 54 Tex., 78.

In Hart v. Mills it was decided that sec. 43, art. 12 (Const. 1869), which declared that the statutes of limitation of civil suits were suspended from January 28, 1861, to March 30, 1870, did not apply to the statute requiring the prosecution of writs of error within two years from the date of the judgment.    38 Tex., 513; Story v. Runkle, 32 Tex., 398; Cunningham v. Perkins, 28 Tex., 488.

For the disposition of the question now before the court, we cannot on principle distinguish under our statute, the prosecution of a writ of error from that of a bill of review.

Sec. 14, art. 12, Const. 1869, provides that "married women, infants and insane persons shall not be barred of their rights of property by adverse possession, or law of limitation, of less than seven years from and after the removal of each and all their respective legal disability."

Neither by its terms nor under the authority quoted can the above provision be held to apply to bills of review.

AFFIRMED.

[Opinion delivered January 18, 1881.]