Mr. Justice Merrick
delivered the opinion of tbe court;
A bill was filed by the complainant, being the mother and regularly appointed guardian of her daughter, Mary C. C. Cuyler, an infant over fourteen years of age and a nonresident, against her said daughter and against those who would be her heirs-at-law, under the provisions of the Revised Statues of this District, sections 95T et seq., for the sale of the real estate of the infant, and also for an assign- *569 meat to the complainant of her dower interest out of the proceeds. Process issued against the infant and the others, and was returned “ not found ” as to all, and an order of publication was taken against the adult defendants. This maturing, a decree pro confesso was taken against them, and the infant defendant was produced in open court on the same day, and a guardian ad litem was thereupon appointed for her by the court in the person of her maternal grandfather, who regularly filed an answer for the infant; and she also, being above iourteen years of age, filed an answer under oath in proper person, as required by the statute, declaring that she had heard the bill read, understood its purpose and objects, and upon information and belief admitted the truth of its allegations, and expressed her assent to the relief prayed.
Eeplication was filed and reference to an examiner to take proof, and all the essential facts of the bill were proved by the depositions of her guardian ad litem and her mother. In due course the cause came on to be heard, a decree for sale was made, the sale was reported, and upon due notice confirmed on the 25th of February, 1887.
After the confirmation, and not until a rule to show cause why he should not be compelled to comply with terms of sale had been served, the purchaser, in response to .the rule, set up the objection that the sale was void because the subpeena had not been served upon the infant, and because there was not a full compliance with the 960th section of the statute, which requires every substantial fact to be proved by clear and credible evidence given by disinterested witnesses. These objections were at the request of counsel certified to be heard in general term in the first instance.
Ordinarily, a purchaser cannot be heard to object to a title when he lies by and suffers the time limited by the conditional order of ratification to expire without urging whatever objections he may have to the confirmation of his contract with the court. But the challenge in the present instance is to the power of the court' to make any sale at *570 all under the circumstances; hence, it is entertained at this late day.
The statute authorizes the guardian of an infant to file a bill for the sale'of the real estate of the infant, which shall be made when it shall manifestly be to the interest of the infant that a sale in whole or in part should be made, and the rights of others will not be violated. The only ceremonials prescribed by the statute are that the bill is to be filed by and verified by the oath of the guardian, and that the infant, together with those who would be heirs to the entire estate if be were dead, shall be made parties defendant, and that it shall be the duty of the court to appoint some fit and disinterested person to be guardian ad litem, who shall answer under oath, and the infant also (if above the age of fourteen) shall answer the bill in proper person under oath.
There is no requirement in the statute that the subpoena shall be personally served upon the infant. He is to be made a party defendant. How? Manifestly, as infants, whether resident or not resident, are to be made parties defendant according to the usual course of chancery procedure. In what way is this ? When a bill is filed the parties defendant are designated in the bill, and the process asked there is called a subpoena, the form of it being simply a notice to the party to come into court by a certain time to answer the matter of the bill and submit to such decree as may be passed.
If the defendant reside out of the jurisdiction, he may (whether infant or adult) by force of section 787 Eevised Statutes of-the District, be proceeded against by an order of publication, which again is merely a form of notice, and in its results may be actual or only constructive information to the defendant. When the term of this notice expires the court becomes fully possessed of the right to proceed in the cause, whether the defendant avails of the warning or not.
It is the regular and conceded practice of the court where ah infant is non-resident and an order of publication has ripened, after the return of non est to the subpoena, to pro- *571 proceed to appoint a guardian ad litem for the non-resident infant; and the cause then progresses regularly to final decree. Now, what conceivable rational objection to the jurisdiction can there be if, instead of imputing constructive notice to a non-resident infant, the court finds by his personal presence in court that he has actual notice of the bill, and in obedience to the requirement of the subpoena he comes in and submits himself to the court, invokes its protecting care and obtains its order appointing a guardian ad litem of his own selection to defend his rights ?
That is precisely what was done in the present instance. The regular guardian, being also the mother, appealed to the court in the interest of the infant to do an act for its benefit. The infant', having knowledge of the proceeding, came into court, and with her consent the person next in blood and with no adverse interest, to wit, her maternal grandfather, was appointed her guardian ad litem. Is there anything statutory, traditional or otherwise, about the delivery of the notice of suit through the marshal, which could work any greater efficacy to the notice than the actual knowledge which is possessed by an infant of fourteen years and upwards, having the capacity to express a will, and by his choice in open court aiding the court in its duty to provide some suitable and proper person to defend his rights ?
It is laid down in the Practical Register in Chancery, 194 and 195, and stated by Comyn (Digest, title, Chancery, 3 R., 1 and 3 R., 2) that an infant shall have the same relief in chancery as another person, and may sue hj pofchein amy or guardian,.or in person, etc. If an infant be Sued, the court will appoint a guardian to defend him, or he may answer in person.
. The same doctrine will be found laid down in Calvert on Parties and in Story’s Equity Pleading, note 1 to section 58. In Daniel’s Chancery Practice, 161 and 162, the practice is also mentioned of an infant appearing by solicitor and then on motion the court will appoint a guardian ad Utem.
*572 The practice of sending a commission to appoint a guardian ad litem to an infant who is abroad is also mentioned, and which general practice was doubtles the foundation of what was sometimes done in this District and in Maryland in respect to non-residents. Although then, according to these authorities, an infant may sue or be sued in proper person, yet the court of chancery, as matter of privilege to the infant and to preserve a wholesome practice, will always require that an infant complainant be protected by guardian or porchein amy, and an infant defendant by guardian ad litem; and it would be an act of heedlessness authorizing an infant, on attaining full age, to have a decree opened by bill of review if his rights were passed upon without his having had the aid of a guardian ad litem, properly appointed by the court, in his defence.
If it had been a jurisdictional requirement that an infant must be served with the subpena, the point would doubtless have been taken in the case of Bank of U. S. vs. Ritchie, 8 Pet., 128. In that case the infant was not served with process, neither was he brought into court, but on the nomination by the plaintiff’s solicitor a guardian was appointed, and the case went to decree without proof. The case was earnestly contested, but neither in the argument of able counsel nor in the opinion of the court was it suggested that the decree was void for want of service of the subpoena. The court, however, ordered the case to be reopened on bill of review, and severely censured the court below for having appointed a guardian ad litem upon the nomination of the solicitor of the complainant and without the infant’s being produced in open court.
In the case of Day vs. Kerr, 7 Mo., 426, process was not served upon the infant, but a guardian ad Utem was appointed by the court, and the decree was held good. Held, that while the 'omission of both might have been ground for reversing the decree upon appeal, it could not be disregarded nor treated as a nullity in a collateral proceeding. Some cases were quoted at the argument which seemed to indicate, that in the States in which they were *573 rendered the service of the subpoena was regarded as a jurisdictional prerequisite. But what influence the peculiar policy or statutory provisions of those States exerted on the decisions we are not informed. And we do not feel called upon to attach any weight to precedents under such circumstances; for they are not obligatory as authority upon this court, and seem unsustained by reason; and certainly are at war with the practice of chancery in the country to which we look for the fountains of equity jurisprudence.
We do not approve of that looseness of practice which would flow from the omission to serve a subpoena upon infants within the reach of process ; for the publicity of service may assist in warning the infant and his relations, and thereby may furnish an additional precaution against injury to those” who are in need of protection ; but certainly the service of a notice can never be regarded as jurisdictional if the infant is brought into the presence of the ■court and the court appoint some fit person to defend his cause.
Under the particular statute which we are considering, the law, by providing for a personal answer by an infant over fourteen years of age, recognizes judgment and discretion in an infant of that age and a power of volition on his part sufficient for effective action in a court of equity. In such case we cannot see .why a mere ceremonial should be considered of vital importance.
The second suggestion of jurisdictional infirmity in the decree in this cause we likewise think untenable. The position of the exceptant would require that each one of the facts in the case should be proved by two witnesses at least. There is nothing in the phrase “clear and credible evidence given by disinterested witnesses” which would warrant this court, after decree and without any suggestion that the decree was erroneous, and without any complaint of injustice by the infant herself or any of her friends, in saying that because the guardian filing the bill was also the dowress of the infant’s father, and expressed her willingness, or even her desire, to have the property sold and *574 bei dower to be commuted out of the purchase money, therefore she was disqualified as a witness ; and that a case sustained in all its parts by the testimony of another witness in addition to her testimony, and which had been accepted by a careful chanceller as satisfactorily evidenced, was not proved so as to warrant a sale of the real estate within the meaning of the statute.
For these reasons this court is of opinion that the exceptions taken by the purchaser in this case are untenable, and they are both overruled. The cáse will be remanded, to be further proceeded with in Special Term.