## MARX & BLUM V. A. R. FREEMAN, ADMINISTRATRIX.

Decided June 22, 1899.

1. **Probate Court—Jurisdiction—Rejected Claim Against Decedent's Estate.**

   The probate court has no jurisdiction of an action upon a rejected claim against a decedent's estate, nor has the district court original jurisdiction in such case where the amount is less than $500, such suit being maintainable, where the claim was for $400, alone in the county court upon the civil side of the docket. Rev. Stats., art. 2082.

2. **Same—Application for Payment of Claim.**

   An application to the probate court for the payment of a claim incurred by the administratrix in the management of an estate is defective where it does not set out

the account, nor show the facts that would render the estate liable for its payment, but merely avers that the account was incurred by order of the court, and that the administratrix had reported her action to the court and had admitted to the court that the account was a just liability against the estate, without showing that the claim had ever been approved by the court or established as a claim against the estate.

3. **Pleading—Claim Against Decedent's Estate—Demurrer.**

The petition in an action upon a rejected claim against a decedent's estate is demurrable where the suit was not brought within ninety days after the claim was rejected. Rev. Stats., art. 2082.

APPEAL from Polk. Tried below before Hon. L. B. HIGHTOWER.

*F. Campbell*, for appellants.

*Hill & Hill*, for appellee.

GARRETT, CHIEF JUSTICE.—On January 28, 1898, the appellants, Marx & Blum, filed an application in the County Court of Polk County in the estate of James R. Freeman, deceased, representing that the administratrix of said estate, A. R. Freeman, had in the conduct of the business of said estate become indebted to the appellants in the sum of $——, and thereafter had duly reported her action thereon to the court, and had duly approved the claim and account and admitted to the court that said account was a just liability against the estate of her intestate. That in evidence thereof on August 1, 1896, she drew a draft on the Tyler Car and Lumber Company for the sum of $400, payable to herself as administratrix ninety days after date, and indorsed the same to the said Marx & Blum; that said estate had money to its credit with the said Tyler Car and Lumber Company sufficient to pay said draft, and said company on presentation thereof accepted the same for payment; that when said draft became due it was presented for payment, but the said Tyler Car and Lumber Company wholly made default; that the plaintiffs caused suit to be instituted on said draft in the County Court of Smith County to the first term thereof after default against the said drawer and acceptor, and that judgment was rendered on November 1, 1897, in favor of the plaintiff against the said acceptor for the sum of $424 and costs of suit. That on November 29, 1897, the plaintiff presented said acceptance to the said administratrix for payment, accompanied by a certified copy of the said judgment, and on the same day she rejected the same. Plaintiffs prayed the court to approve said claim for payment for the $424 and the additional sum of $13.95, costs of said suit, with interest from the date of said judgment, and for an order for the sale of a sufficient amount of personal property to satisfy said debt, interest, and costs, and that the court allow a transfer of said judgment to the estate. The court refused the application, whereupon the said Marx & Blum appealed to the District Court.

Afterwards, on April 7, 1898, the appellants filed a petition in the District Court of Polk County, in which the same facts that were set

forth in their application to the probate court were pleaded, and prayed that the administratrix be cited to answer their petition, and for judgment against the estate for the amount of the said judgment of the County Court of Smith County, etc.

The appeal from the County Court and the original suit pending in the District Court were consolidated and the cases tried together in the District Court on June 15, 1898, when demurrers to the petition were sustained and judgment was rendered in favor of the defendant.

The application made to the County Court as a probate court in the estate of James R. Freeman, deceased, was based upon the draft and judgment as a rejected claim. Of such an application or suit the probate court had clearly no jurisdiction. When a claim for money against an estate has been rejected by the administrator the owner may bring suit for the establishment thereof within ninety days in any court having jurisdiction of the same. Rev. Stats., art. 2082. While the County Court had jurisdiction of the amount, the suit should have been brought on the civil side of the docket in order to have been such a suit as is required by the statute. But if the application should be treated as an application for the payment of a claim incurred by the administratrix in the management of the estate, it is utterly defective. It does not set out the account, nor show the facts that would render the estate liable for the payment thereof. There is an averment that the account was incurred by order of the court, and that the administratrix had reported her action to the court and had admitted to the court that the account was a just liability against the estate, but there is no averment of any facts to show that it had ever been established as a claim against the estate or that the administratrix had ever allowed or the court ever approved the same. Reinstein v. Smith, 65 Texas, 249. The County Court sitting as a probate court had no jurisdiction to approve the rejected claim, and could not order the sale of property for the payment of an account which had never been established as a claim against the estate, and which was not shown by the application to be a valid charge against it.

Of the suit brought in the District Court that court was without jurisdiction, because the amount in controversy was less than $500. Also it was not brought within ninety days after the claim had been rejected, an objection that might be raised by demurrer to the petition. Rev. Stats., art. 2082; Cotton v. Jones, 37 Texas, 34. The demurrers were properly sustained, and the judgment of the court below will be affirmed.

*Affirmed.*