Hemphill, Ch. J.
In the argument of the appellant it is stated that the demurrer was sustained below on the ground that the petition contained no averment of the death of the husband of the deceased intestate. This we do not conceive to have been necessary. Tire charge is made against Mrs. Ann McIver for the payment of money at her instance and request. Nothing is said of her husband. She is not averred to be a married woman. The demurrer admits that the money was paid by the petitioner at her instance and request, and the presumption is that when she contracted the debt she intended to pay it, and had the legal capacity to contract and make herself liable for its payment. As she is not averred to be under coverture, she must be re *197 garded, on the allegations of the petition, to have been a feme sole, and having the legal capacity as such to bind herself by her contracts.
Note G9. — Cobb v. Norwood, 11 T., 55G; Cotton v. Jones, 37 T., 34. When a claim is rejected because the authentication is defeetivc.it may be again presented properly authenticated, and suit be brought within three months after a second rejection. (Crosbv v. Me Willie et at., 11 T., 94.)
The account states that the payment was made on a note executed by herself and her husband. But the "payment was made more than ten months after the date of the note. If she were discovert at the time of this payment, and as she is charged with a legal indebtedness, she must be presumed to be such. She could discharge the note by payment, although the same may probably be invalid in law; and if the petitioner paid money at her instance and request, whether on .the note or otherwise, she is in law bound to refund the money.
The question of her liability on the note does not arise on the averments of the petition. She is charged with money paid for her use and at her instance and request. The fact of payment is admitted. The prima facie presumption is that she had the capacity to contract. This is not rebutted by any of the facts stated in the pleadings or implications necessarily arising on the aver-ments, and were the want of an allegation of the death of the husband the only ground urged in support of the judgment, it could not be sustained.
But the appellee contends that there is no error in the judgment on the ground that suit was not brought within the legal time, viz, within three months after the rejection of the claim; and he refers in support of the position to the 51st section of chapter 157, Laws of 1848, p. 252. This section, after directing the executor or administrator to indorse on a claim presented his allowance or rejection thereof, and the chief justice his approval or disapproval of such allowance, and that the claim so allowed or approved shall be paid in the due course of administration, proceeds to declare that the holder of a claim rejected by the administrator, or whose allowance has been disapproved of by the chief justice, may, “within three months after such rejection by the executor or administrator, but not thereafter, bring a suit against the executor or -administrator for the establishment thereof in any court having jurisdiction of the same.” The petition was filed on the 8th of January, 1849, and it appears from the averments that the account was presented to and rejected by tire administrator on the 7th October, 1848. On the most favorable rules for the computation of time, the three months expired on the day before the commencement of the suit, and the action was consequently barred, and that this can be taken advantage of by plea or demurrer, or where there is judgment by default on error, has been decided in Coles v. Kelsey, (2 Tex. R.;) Swenson et al. v. Walker, Adm’r, decided at the last term, and Long v. Anderson, decided at this term of the court.
It is not necessary to determine in this case whether the party has lost his remedy entirely or whether he may again present his claim after the lapse of twelve months and have it, if valid, established against such funds as may then remain over what may be sufficient to pay all other claims allowed or established within the twelve months.
It is sufficient to say that he is disabled by law from the prosecution of this suit, and the judgment is therefore affirmed.
Judgment affirmed.