T. L. STANFIELD, ADMINISTRATOR, v. A. NEILL.

The time limited by law in which suit shall be brought on claims presented for allowance to an administrator or executor of an estate, and by him disallowed, is not a statute of limitations suspended by the Constitution of 1869, but is a regulation of our probate law, which imposes the loss of the claim if the party fails to sue on it within the time prescribed.

ERROR from Guadalupe. Tried below before the Hon. Henry Maney.

There is no occasion for a statement of the facts.

*John P. White*, for the plaintiff in error.

*Jas. H. Burts*, for the defendant in error.

WALKER, J.   We have not hitherto, nor do we now recognize the law limiting the time, after presentment and rejection, to the commencement of suits against executors and administrators, as properly a statute of limitations, suspended by the present Constitution.

It is one of the regulations of our probate system, which imposes the loss of the claim, if the party neglects to bring his suit within the time required to facilitate the settlement of the estates of deceased persons.

The reason which operated upon the minds of the framers of our Constitution could not have influenced this case.   The claim was presented and rejected in January, 1867, and suit was not brought until the following October, but the courts of the State were open during all this time, and no authoritative decision had been made recognizing the suspension of the limitation laws.

Were the law in question, however, to be regarded as a statute of limitation or of rest, these facts would not influence the case.

But the judgment of the District Court, in this case, must be reversed, and the cause dismissed.

Reversed and dismissed.