### J. B. COTTON, EXECUTOR, v. D. C. JONES.

1. After both parties have announced their evidence closed, and the argument of the cause has commenced, it is not error to refuse to permit further evidence to go to the jury.

2. Neither the filing of the petition, the reading of the same to the court, nor the fact that it is a matter of record in the court, will authorize the jury to consider the petition or any allegation therein contained, or indorsement thereon, as in evidence before them, unless the same has been submitted to them as evidence.

3. In an action against an executor upon an account presented to and rejected by him, the question of limitation may be properly brought before the court by demurrer to the plaintiff's petition—it appearing in the petition that more than three months had elapsed after the presentation and disallowance, and before the institution of the suit, and no good reason appearing in the petition, why the suit was not brought within the time allowed by law.

4. Absence of an executor from the State, after his rejection of a claim, is no excuse for the failure of a creditor to sue him within the time limited by law. Article 24, Paschal's Digest, does not apply. Otherwise, it seems, if the claim had never been presented to the administrator for allowance.

APPEAL from Milam. Tried below before the Hon J. M. Onins.

The facts of the case are sufficiently stated in the opinion of the court.

· *R. J. Hill*, for appellant.

*W. H. Hamman*, for appellee.

OGDEN, J. We think there was no error in the rulings of the court, refusing to admit further testimony to the jury, after both parties had announced their evidence closed, and after the argument of the cause had commenced. There should be a limitation, especially in civil cases, to the privilege of introducing testimony on either side, and the one established by the

court in this cause, is in accordance with reason, as well as the usual practice.

The defendant had neglected to offer in evidence the plaintiff's petition, and the file marks thereon, in order to prove the date of the commencement of this suit, and thereby establish the fact, for the consideration of the jury, that this suit had not been brought within three months after the rejection of the account sued on, by the executor. The filing of the petition, or the reading of the same to the court, or the further fact that the petition is a matter of record in the court, will in no event authorize the jury in considering the petition or any allegations therein, or indorsement thereon, as in evidence before them, unless the same has been specially presented as testimony, the same as any other written evidence. The petition not having been presented to the jury in evidence, the indorsement thereon was properly excluded from their consideration by the court. But it was properly before the court, and upon demurrer to the sufficiency of the petition, every fact and allegation which it contained was legitimately the subject of consideration by the court. The defendant filed a demurrer and special exceptions to the petition and the cause of action as therein set forth, which demurrer and exceptions explicitly set forth the fact, " that the account upon which the plaintiff brings " his suit is barred by the statute requiring suit to have been " brought within three months after said claim was rejected by " the executor of the last will and testament of Charles Williams, " deceased." This question was then fairly and specifically presented to the court, and properly so. Chief Justice Hemphill, in Lott v. Keach, 5 Texas, 394, declared that this question might be presented by plea or demurrer. (See, also, Peters v. Perry, 4 Texas, 486 ; Long v. Anderson, 4 Texas, 422 ; Petty v. Chevelier, 2 Texas, 404 ; Swenson v. Walker, 3 Texas, 93 ; and Crosby v. McWillie, 11 Texas, 94.)

What, then, is the fact, as appears from the petition ? On the 21st day of June, 1870, the account was presented to the executor, and by him then rejected for much the larger portion

of the sum, and on account of which rejection this suit was instituted on the 25th of September, 1871; more than fifteen months elapsed between the rejection of the account and the bringing of this suit. The statute provides that the holder of a rejected claim may bring suit on the same within three months, and not thereafter; and, as this suit was not brought within that time, it was barred by the statute, and should have been so declared by the court, upon the demurrer, unless some cause supervened to prevent the operation of that statute. The plaintiff below, in his last amended answer, alleges the fact that at the time of the rejection of the claim sued on, the defendant, executor, etc., was absent from the State, and that he remained so absent until the institution of this suit, and that therefore the statute of limitations did not run.

We are of the opinion that Article 1311, Paschal's Digest, which requires suit to be brought within three months, is not properly a statute of limitation which would be suspended under the provisions of Article 24, Paschal's Digest.

The authentication of a claim against the estate of a deceased person, and the presentation of that claim for allowance and approval, are to all intents and purposes the commencement of the prosecution of that claim, and if, on presentation, the same be allowed and approved, it becomes a judgment against the estate, but if it be rejected, then Article 1311, Paschal's Digest, gives a further remedy, very much in the nature of an appeal, upon condition that the same be prosecuted within three months. The provisions of this statute are very similar in character to those providing for new trials, appeals, and writs of error, to the Supreme Court, and these have been decided not to be statutes of limitation. (Cunningham v. Perkins, 28 Texas, 490; State v. Kroner, 2 Texas, 492.) And if not statutes of limitation, then they are not affected by the provisions of Article 24, Paschal's Digest.

There is no good reason why the holder of a rejected claim should wait the return of the executor, who is absent from the State, before he brings his suit, as there is no possibility of pay-

ment or recognition of the claim, and suit may be instituted as well in the absence as the presence of the executor. Had the claim not been rejected, then the law as well as the reason for the law governing the prosecution and collection of the same, would have been quite different.

We are of the opinion that appellee, in not bringing suit within three months after the rejection of his claim by the executor, has lost the right to sue, and as this fact appeared in plaintiff's petition below, the court erred in not sustaining the demurrer to that petition; and for that error the judgment must be reversed, and, as by his laches the appellee has lost the right to sue in any event, the cause will be dismissed.

Reversed and dismissed.