N. A. GASTON, ADMINISTRATOR, V. JOHN A. BOYD.

1. FINAL JUDGMENT—APPEAL.—The fact that a cause is continued to carry into effect a judgment which finally settles and adjusts all matters involved in the suit, will not prevent an appeal.

2. LIMITATION—ADMINISTRATION—PRESENTATION OF CLAIMS FOR ALLOWANCE. — When the law regulating the settlement of estates prescribes that debts against the intestate must be presented to the administrator within a given time or be barred, the failure to present them for allowance within the time stipulated will bar a recovery, notwithstanding the period for presentation may expire before the completion of the bar by the general statute of limitation.

3. CLAIMS AGAINST ESTATES—LIMITATION.—The failure to sue on a rejected claim against an estate within the time limited by statute, will be as effectual to extinguish it as would be the failure to present it within the time required under former law.

4. CLAIMS AGAINST ESTATES—LIMITATION.—When a claim is barred by a failure to present it to the administrator, it is barred against the heirs as well as the administrator, notwithstanding its payment was secured by a lien upon land; administration in Texas being had as well of real as personal property.

ERROR from Cherokee.    Tried below before the Hon. R. S. Walker.

The facts are sufficiently stated in the opinion.

*Priest & Bonner,* for plaintiff in error.

I. The court erred in overruling the exceptions to plaintiff's petition.

There had been no partition of the estate, as appears on the face of plaintiff's pleadings; the heirs could not be sued till after partition of the estate, and then only to the extent of the

property partitioned to them respectively. (Paschal's Dig., arts. 1348, 1349, 1372.)

II. The law directs the manner in which claims against estates may be established, and this claim is not established according to law.

This claim was first presented in 1871 and rejected, and no suit brought within three months after rejection to establish same—none till this suit in 1874. By this neglect plaintiff lost his remedy, and he can complain only of himself. The law knows no remedy for negligence, while it always favors the diligent. (Paschal's Dig., arts. 1310, 1311; Crosby v. Mc-Willie, 11 Tex., 96; Page v. Findley, 5 Tex., 393; Danzey v. Swinney, 7 Tex., 632.)

III. This was a final judgment, the object of which was to establish the claim sued on.

The claim sued on is established by the judgment as a legal claim against the property of the estate of M. L. West, and gives cost to administrator Gaston.

Defendants gave notice of appeal. This was their right and at their own risk. It was made at a proper time, on overruling their motion for a new trial. It was made in open court, and the judge refused to enter the same because his judgment was interlocutory.

IV. Defendants' motion for a new trial, and all the pleadings and facts in the case, show this judgment to be erroneous.

This claim was properly presented, as determined by the Supreme Court on a former appeal. (43 Tex., 619.)

Suit was not instituted within the time prescribed by law, as determined in same decision. (43 Tex., 619.)

The heirs were not proper parties to this suit, and a recovery could not be had against them while the estate was being administered and no partition made of the estate; therefore this judgment should be reversed, the suit dismissed, and this litigation brought to a close.

V. Defendants had a right to consider this a final judgment and to give notice of appeal, and have the same entered; to

risk the consequences of hazard on their own judgment as to the finality of said judgment; and the court had no night to refuse to enter that notice, and thus have the record incomplete.

*S. B. Barron*, for defendant in error.—This cause presents some peculiar features in practice, but defendant in error submits that, on principles of equity as well as on authority, this is a proper action and the judgment of the lower court a proper decree, in which there is no error.

It is argued by plaintiff in error that an effort to collect a debt from an administrator and a failure is a bar to the claim, but he cites no authority to sustain the position. There is no question of the liability of heirs, receiving portions, for the debts of the ancestor, and there is no statute, save the general statute of limitation, which bars the debt. Suppose, for instance, a creditor held a judgment against a party who had died leaving no estate beyond a sufficiency to pay the privileged claims, an administration was opened, and the creditor should choose not to take the trouble and expense of probating his claim, the facts being well known that the administrator would likely have no funds with which to pay the claim, and the administration was duly closed, and afterwards the heirs should inherit a large fortune through the rights of the deceased father, before the claim was barred by the general statute of limitation: would the heirs not be liable to pay the debt? Then is any laches short of that which allows the claim to become barred sufficient to defeat the claimant's rights?

Defendant in error insists that the heirs, under plaintiff's amended pleadings, were not improper parties.

Defendant in error also claims that the judgment herein sued on is a lien upon the lands of M. L. West, and would be good against those not sold by the administrator, and the heirs, being in possession of the land, are proper parties, in view of the fraudulent collusion to defeat this claim. George W. Pope,

one of the heirs, is in possession of the main tract of land, and as it is joint property, he is in possession for himself and the other heirs.

This judgment was rendered September 24, 1860, with stay of execution until March 1, 1862. B. B. West died in 1865 and M. L. West died in 1867, so that under the stay laws then existing, execution could never have been issued on the judgment. Then it seems that under that statute of November 9, 1866, and the construction given it by this court in Moore *v.* Letchford, 35 Tex., 185, and Black *v.* Epperson, 40 Tex., 162, the lien under the judgment would be good until the judgment is barred by the statute of limitation.

MOORE, CHIEF JUSTICE.—The demand upon which this suit is prosecuted was presented to appellant for allowance as a valid claim against the estate of which he is the administrator on September 4, 1871, and was by him on said day rejected. This, as was decided by the court when the case was before it on a former appeal, (Gaston *v.* McKnight, 43 Tex., 619,) put in operation the limitation of ninety days allowed by law for instituting suit upon it. (Paschal's Dig., art. 5659.) As suit was not commenced within ninety days from the rejection of the claim, but near two years thereafter on a subsequent presentation and refusal of the administrator to again act upon it, the action, as originally brought, could not be maintained; and on the case being remanded, appellee, by amendment of his petition, made the heirs of appellant's intestate parties to the suit; and instead of seeking, as in the original petition, a judgment against appellant, to be paid in due course of administration, asked that appellant should be required by the court to at once and without delay make a final settlement of the estate in the County Court, and that the property in his hands be distributed among the heirs, and the land upon which his debt was claimed to be a lien be held in their hands subject to its payment.

On the trial of the case, as presented by appellee's amended

petition, it was adjudged by the court that appellee's demand "is hereby established as a just and legal debt against said estate after the same shall be discharged and relieved from the jurisdiction of the County Court." And further, that "it appearing from the evidence that there exists no good reason why the administration of the estate of M. L. West should not be closed, and the property delivered over to the heirs of said estate, it is therefore ordered and decreed that said administrator proceed without delay to close said administration, or that he show to the County Court a good and valid reason why it be not done." It was also "adjudged and decreed that appellee take nothing herein against appellant, but that he have and recover his cost, and that the further action and judgment in the cause be suspended until the next term of the court." From this judgment appellant prosecutes this appeal.

The first question for our consideration is, whether this judgment is so far final as to support the appeal by the administrator. We think it is. It disposes of all matters of controversy that can arise for determination between him and appellee on the pleadings. It requires the appellant to close the administration, &c. The purpose of continuing the case until the next term is, we infer, to enable the court, by a supplemental decree, to subject the property of the estate, which it supposed would come into the hands of the heirs by that time, to the payment of appellee's debt. The fact that a case is continued to carry into effect a judgment finally settling and adjusting the matters in controversy, does not prevent an appeal.

The judgment being such as will warrant the appeal, is there any error in it of which appellant can complain? That there is, we think is fully and definitely settled by the former judgment of the court in this case. It is a familiar and well-established principle, that when the law regulating the settlement of estates prescribes that debts against the intestate must be presented to the administrator within a given time or be barred, the failure to do so will bar a recovery, notwithstanding the period allowed for presentation may expire before the comple-

tion of the bar by the general law of limitation.    (Graham *v.* Vining, 2 Tex., 433.)

The law " regulating proceedings in matters of probate " applicable to this case, while it requires all claims for money, whether evidenced by judgment, mortgage, or note; to be legally exhibited to the administrator before they will serve as the legal foundation of a proceeding against him for their enforcement, permits such claims to be exhibited to the administrator, subject to the conditions imposed by law, at any time before the estate is closed, if not barred by the general law of limitation.    But the law further provides, that when once exhibited, if rejected, they shall be barred, unless suit shall be instituted on them within ninety days after their rejection.

Now, to hold that notwithstanding the presentation to and rejection by the administrator of a claim, it may be again exhibited to him, and if not allowed, or without a subsequent presentation, suit may be brought upon it, would be to disregard and set at naught the express and unequivocal declaration of the statute that such claim shall be barred.  The failure to sue within the time limited, when the claim is rejected, must as effectually extinguish it as the failure to present it within the time required under the former law.    When a claim is barred by a failure to present it to the administrator, it is barred against the heirs as well as the administrator, notwithstanding its payment was secured by a lien upon land ; (Graham *v.* Vining, 2 Tex., 433 ;) for, with us, administration is had as well of real as personal property.    The failure to note this difference between administration under the statutes of this State and at common law, it is believed, occasioned the error into which, in our opinion, the court has fallen in its judgment in this case, and for which it must be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered December 12, 1879.]

[Associate Justice BONNER did not sit in this case.]