S. M. TUCKER ET AL. V. F. P. & E. P. BRYAN, EX'RS.

(No. 1129, Op. Book No. 2, p. 437.)

APPEAL from Dallas County.    Opinion by WALKER,
R. S., P. J.

§ 1157. *Parties; where defendant dies pending suit;
administration; heirs; legal representatives; limitation.*
During the pendency of this suit in the court below,
one of the original defendants, E. W. Tucker, died.
Plaintiffs filed an amended petition making appellants
parties defendants, alleging that they were the heirs of
E. W. Tucker, deceased, and had converted the property
belonging to the estate of the deceased, and that there
was no administration upon the estate. The note sued
on was due December 23, 1871. The amended peti-
tion was filed January 18, 1879. Exceptions to the
amended petition were overruled, and judgment rendered
for plaintiffs against the other maker of the note, Lan-
drum, and appellants, as heirs of E. W. Tucker, deceased.
*Held*, the demurrer to the plaintiffs' amended petition
should have been sustained. The cause of action set up
in the amended petition against appellants, as the heirs
of E. W. Tucker, deceased, was the conversion by them

of the property belonging to the estate which was subject to execution. Under our laws, the death of a defendant does not, in actions which survive, operate to abate the suit; the death being suggested, the suit may proceed to judgment against the legal representatives of the estate of the deceased party. An administrator is the legal representative of the estate of an intestate. The matters set up in the amended petition constituted a new cause of action against new parties. It is questionable whether this new cause of action could be engrafted upon the original one by amendment, under a mere statutory privilege, to preserve the plaintiff's right to prosecute his original cause of action against the legal representatives. It may be true that, where the plaintiff in such state of case can show that there is no necessity for administration, and he brings before the court proper parties under a prayer for relief which will operate upon the same cause of action as that on which his original suit rests, and to subject to his judgment the same estate, fund or property, that such proceedings might be maintainable as not contravening rules of correct pleading and practice. Such an amendment might be admissible. [Patterson v. Allen, 50 Tex. 25; Lewellen v. The State, 25 Tex. 797.] But this case, by the allegations of the amended petition, was not brought within any of the exceptions to the general rule that a creditor must proceed against the administrator of the estate, and not against the heirs, for the collection of his debt. [Ansley v. Baker, 14 Tex. 607.] As a general rule, there must be an executor or administrator representing an estate to enable a creditor to bring a suit to subject the property of the deceased debtor to the payment of his debt; and the necessity for such executor or administrator must be presumed in every case until facts be shown that make it an exception to the rule. [Green v. Rugely, 23 Tex. 539.] Whatever right plaintiffs may have had under their amended petition was subject to the operation of the statute of limitation, which ran against them

in this new cause of action up to the filing of the amendment, and was not protected by the pendency of the suit. [Henderson v. Kissam, 8 Tex. 56; Erskine v. Wilson, 20 Tex. 77; McLane v. Belvin, 47 Tex. 493; Gaston v. Boyd, 52 Tex. 282; Wooldridge v. Hathaway, 45 Tex. 380.] The policy of the law is, ordinarily, to cause the settlement and adjustment of debts against the estate of an intestate to be made through proceedings of administration; and where the creditor fails to avail himself of the remedies pointed out by the laws, the bar imposed by the statute of limitations will avail the heirs, when sued by the creditor, to the same extent that it would avail an administrator. [Gaston v. Boyd, 52 Tex. 282.]

§ **1158.** *Dismissal of suit; failure to make parties.* A failure to make proper parties within a reasonable time ·after the suggestion of the death of a defendant is ground for a dismissal of the suit. [Alexander v. Barfield, 6 Tex. 403.]

May 14, 1881.                    Reversed and remanded.