# MAY, 1931

EDGAR ANDERSON v. FIRST NATIONAL BANK OF EL PASO, ADMINISTRATOR.

No. 5660.  Decided May 16, 1931.
(38 S. W., 2d Series, 768.)

*S. J. Dodson,* for appellant.

The claim of plaintiff in error, being an unliquidated one is not within the statute (article 3522, R. C. S., 1925), therefore need not have been presented to and rejected by the administrator before suit thereon could be maintained, the court therefore erred in sustaining the general demurrer and dismissing the cause upon the ground that "suit had not been filed after rejection * * * by the administrator within ninety days." Ferrill's Admx. v. Moony's Ex., 33 Texas, 224; Wells v. Hobbs, 122 S. W., 451, and cases therein cited.

That plaintiff set up a cause of action upon an unliquidated demand, see pages 4 and 5, Tr.  "In the alternative plaintiff alleges that the said

Dr. Asa Brunson attended the said Jessie Mariner in her last sickness as a physician; that she was suffering with tuberculosis and that he administered his treatment for tuberculosis to her for the time specified in the paragraph next above and made the extra visits designated therein and that the services so performed by him were of the reasonable value of $366 and that she has paid thereon the sum of $55."

That in case the court for any reason should find that there was no express contract entered into between the parties hereto for the performance of said medicial treatment, then plaintiff alleges that the services having been performed and accepted and the charge therefor being of the reasonable value of $366, he sues as upon quantum meruit."

That suit may be maintained upon a petition containing two counts, one of them for an unliquidated demand. See Henderson v. Davis, 191 S. W., 358.

The reasons are so plainly stated in Wells v. Hobbs, supra, for placing the construction upon the statute, requiring suit to be filed within ninety days after claim is rejected by administrator not applying to unliquidated claims argument seems superfluous.

*P. S. Carter* and *C. L. Galloway,* for appellee.

Appellee says the court did not err in sustaining the general demurrer to plaintiff's cause of action and dismissing the same, because the evidence shows that said claim was presented and disallowed by the administrator and no suit was filed for more than ninety days after such disallowance.

Appellant in his brief claims that his first amended original petition contains two counts, one for express contract and the other on an uncertain and unliquidated claim, and that, therefore, he had a right to bring suit, irrespective of the action of the administrator.

We submit that the two counts in the petition are virtually the same (one is upon an express contract and the other upon an implied contract), and that they are both claims for money. The appellant virtually claims the same thing, as he makes the account sworn to a part of the petition on both counts, and alleges the disallowance of the claim as a basis for his suit in this brief.

If this is a claim for money, whether an implied or an express contract, the same rule applies. The only account upon which the appellant could sue would be for some contingent claim or for some unliquidated demand, as for conversion, breach of contract, and things of that kind; but the account as sued upon, and as claimed in the plaintiff's first amended petition, is specific to a cent in amount, specific as to services rendered, and specific as to the acceptance of such services. This raises an implied contract to pay for the reasonable value of such services, which the plaintiff swears are worth so much, and it is an account upon which the administrator could pass, reject or sustain.

MR. JUSTICE RYAN delivered the opinion of the court.

The Honorable Court of Civil Appeals for the Eighth Supreme Judicial District certifies:

"This is a suit by appellant against appellee, the petition reading as follows:

" 'Now comes, Edgar Anderson who resides in El Paso County, Texas, complaining of the First National Bank of El Paso, Texas, as administrator of the estate of Jessie Mariner, deceased, hereinafter called defendant and for cause of action plaintiff represents to the Court that defendant is the duly qualified and acting administrator of the estate of Jessie Mariner, deceased; that the said Jessie Mariner, deceased, departed this life in El Paso County, Texas, on 18 day of Feby. 1928, and that the First National Bank of El Paso, Texas, made application to the · County Court of El Paso County, Texas, for letters of administration of said estate, and duly qualified as such at the July Term, 1928, of said court by filing its oath and bond as required by law, which was duly approved by the court; that said administration is now pending in said court and undisposed of; that the said Jessie Mariner, deceased, at the time of her death was justly indebted to and due Dr. Asa Brunson in the sum of three hundred and eleven ($311) dollars in this that on the 25th day of February, 1927, and at all times since he was and is a duly qualified, licensed, and practicing physician in the city of El Paso, Texas, and that on or about said date the said Dr. Asa Brunson in the regular course of practice as such physician was called to attend and treat the said Jessie Mariner for tuberculosis and it was then and there agreed by and between said Dr. Asa Brunson and the said Jessie Mariner that he should administer his special treatment to her in an effort to correct and cure the disease; that it was agreed by and between them that said Dr. Asa Brunson should be paid for his services the sum of $60.00 per month; that he did so administer the said treatment during the months of from August 25, 1927, to February 18, 1928, for which services she agreed to pay $336.00; that in addition to regular tuberculosis treatment above referred to the said doctor made ten extra visits to her home to see and treat her as a physician at a charge of three dollars per visit which is the usual and customary charge for such visits by a physician and of the reasonable value of $30.00; that the said Jessie Mariner paid the sum of $55.00 of said amount to the said Dr. Asa Brunson leaving the sum of $311.00 due and unpaid.

" 'In the alternative plaintiff alleges that the said Dr. Asa Brunson attended the said Jessie Mariner in her last sickness as a physician; that she was suffering with tuberculosis and that he administered his treatment for tuberculosis to her for the time specified in the paragraph next above and made the extra visits designated therein and that the services

so performed by him was of the reasonable value of $366.00 and she has paid thereon the sum of Fifty five dollars.

" 'That in case the court for any reason should find that there was no express contract entered into between the parties hereto for the performance of said medical treatment, then plaintiff alleges that the services having been performed and accepted the charge therefor being of the reasonable value of $366.00 he sues as upon a quantum meruit.

" 'Plaintiff further alleges that the said claim and account for medical services was duly assigned and transferred by said Dr. Asa Brunson to S. J. Dodson for a valuable consideration and sufficient on or about 10 day of April, 1929, whereby the said Dodson became the legal owner and holder of said account and claim for its true value; that thereafter on the day last named above said S. J. Dodson duly and legally assigned and transferred the said account and claim to the plaintiff Edgar Anderson for a valuable and sufficient consideration wherefore and whereby said Anderson is the legal owner and holder of same and entitled to sue thereon.

" 'That the said estate of Jessie Mariner, deceased, is justly due and indebted to the plaintiff in the sum of $311.00 with legal interest as shown by the claim attached to the original petition now marked Exhibit A, and hereby made a part of this petition to which reference is made.

" 'Plaintiff says that on or about the 21 day of Feby., 1929, said claim against said estate of Jessie Mariner, deceased, duly vertified as required by law heretofore referred to as Exhibit A was duly presented to defendant administrator by presenting the same to H. W. Moore, Assistant Trust Officer for allowance or rejection and on the 29th day of March, 1929, it was returned to plaintiff not allowed, with the following endorsement thereon, to-wit:

" 'The within claim was presented to me on the 21 day of Feby. 1929, and on this 19th day of March, 1929, I disallowed the same in full.

" 'FIRST NATIONAL BANK OF EL PASO, TEXAS.

" 'Adm. Estate of Jessie Mariner

" 'By H. W. Moore, Assistant Trust Officer:

to which reference is made and made a part hereof.

" 'Plaintiff says and so represents to the court that said claim was rejected and not allowed by defendant as the administrator of said estate and plaintiff brings this suit to establish said claim against the estate for the full amount.

" 'Wherefore, parties being before the court plaintiff prays for judgment for the said sum of $311.00, interest and costs and for such other and further relief both in law and equity as plaintiff may justly be entitled to.' "

"This suit was filed more than ninety days after the rejection of the account by the Administrator.

"The appellee's general demurrer to the petition was sustained and the suit dismissed. The basis of the trial court's ruling was that the suit had not been filed within 90 days after the rejection of the account by the Administrator.

"Upon appeal this Court sustained the action of the trial court in sustaining the demurrer. Attached hereto and made a part of this certificate is a copy of the opinion of this Court which discloses the theory upon which this court sustained the ruling of the trial court upon the demurrer.

"This Court doubts the soundness of the theory upon which it bases its affirmance of the trial court's ruling. This Court also doubts the correctness of the ruling in Wells v. Hobbs, 57 Texas Civ. App., 375, 122 S. W., 451, referred to in its opinion and relied upon by appellant.

"In this situation this court deems it advisable to present to the Supreme Court for adjudication under article 1851, R. S., and it does hereby respectfully so present to such Court, this question:

"Was the petition subject to general demurrer because the suit was not brought within 90 days after the rejection by the administrator of the account sued upon as required by article 3522, R. S.?"

### OPINION.

The two counts in the petition, one being upon an express contract and the other an implied contract, are virtually the same, and they are both claims for money. A claim for money means literally the claim that a debt exists. Mortgage & Inv. Co. v. Jackman, 77 Texas, 625, 14 S. W., 305. The fact that the claim must be sworn to indicates that the amount must be to a certain extent definite and not uncertain and contingent. In Barlow v. Anglin (Texas Civ. App.), 45 S. W., 857, it is said the statute only contemplates claims for money, and has no application to cases where the demand is for uncertain or unliquidated damages, or for land. Robinson v. McDonald, Widow & Heirs, 11 Texas, 385, 62 Am. Dec., 480; Evans v. Hardeman, 15 Texas, 481; Bullion v. Campbell, 27 Texas, 653; Graham v. Vining, 1 Texas, 644; Dunn v. Sublett, 14 Texas, 529. Rent accrued at testator's death is a claim for money, to be presented. Roddy v. Harrell (Texas Civ. App.), 40 S. W., 1064.

The suit in Barlow v. Anglin, supra, was for specific property, the money demand was merely prayed for in case the property was not delivered; the primary cause of action fixed the status of the demand, and therefore, was not required to be presented for allowance before suit.

While it is true that the claim must be for a definite sum, yet it is not restricted to "liquidated claims"; it includes such claims as may be reduced to a definite sum upon proper data, and not a claim where the unfathomable discretion of a jury must determine the amount. Garrett v. Gaines, 6 Texas, 435. Thus, the claim for services of an attorney to the intestate, though no fee was agreed upon, is one for money, and should be presented. Stark v. Hart, 22 Texas Civ. App., 543, 55 S. W.,

378; Gammage & Hunter v. Rather, 46 Texas, 105; Robb v. Smith, 40 Texas, 96. So should any other claim susceptible at the time of presentation of being reduced to a definite sum, Graham v. Vining, 1 Texas, 644; Graham v. Vining, 2 Texas, 446; Roddy v. Harrell (Texas Civ. App.), 40 S. W., 1064; Western Mortgage & Inv. Co. v. Jackman, 77 Texas, 625, 14 S. W., 305; Jenkins v. Cain, 72 Texas, 91, 10 S. W., 391; Buchanan v. Wagnon, 62 Texas, 375.

If the claim can not be verified with a reasonable degree of certainty, it need not be presented before suit. King v. Cassidy, 36 Texas, 538. So a mere demand for unliquidated damages need not be presented before suit (Ferrill v. Mooney, 33 Texas, 224; Sutton v. Page, 4 Texas, 142; Merle v. Andrews, 4 Texas, 214), as for example, damages for breach of contract, (Robinson v. McDonald, 11 Texas, 385, 62 Am. Dec., 480; Bullion v. Campbell, 27 Texas, 655), or damages for trespass (Ferrill v. Mooney, 33 Texas, 220), or for wrongful levy of attachment (Blum v. Welborne, 58 Texas, 157; Garrett v. Gaines, 6 Texas, 442; Evans v. Hardeman, 15 Texas, 483; Wells v. Hobbs, 57 Texas Civ. App., 375, 122 S. W., 451).

Those cases are sufficient to illustrate the unliquidated demands that need not be presented to the administrator before suit, and are not applicable here.

We therefore recommend that the question be answered in the affirmative.

The opinion of the Commission of Appeals answering the certified question is adopted and ordered certified.

C. M. Cureton, Chief Justice.