## THACKER v. SAMS.
### No. 917.

Court of Civil Appeals of Texas. Eastland.
Dec. 4, 1931.

M. F. Billingsley, of Munday, for appellant.

D. J. Brookreson, of Benjamin, for appellee.

LESLIE, J.

C. E. Sams, administrator of the estate of Bob Thomas, deceased, filed his final account with the probate court of Knox county, and asked to have the same approved and to be discharged as administrator. The appellant, Thacker, contested the proceeding on various grounds, and sought to present a claim held by him against the deceased and evidenced by a promissory note. On a trial of the issues presented, the county court found against him, approved the report, and ordered the discharge of the administrator. From this judgment, G. M. Thacker appealed to the district court of Knox county, where a trial before that court, without a jury, resulted in a judgment in favor of the administrator Sams, and against the appellant on his various contentions.

As this record comes before us, it has neither statement of facts, bills of exceptions, nor findings of fact and conclusions of law. The appeal is predicated upon five assignments of error, and they will be considered seriatim.

The first is to the effect that "the court erred in holding that the District Court had no jurisdiction in this cause."

This is without merit, for the judgment in the transcript conclusively shows that the district court took jurisdiction of the cause and rendered a judgment adverse to the appellant.

The second contention is: "The court erred in rendering a judgment in this cause when it had no jurisdiction."

This assignment is contradictory of the first, but if there was any error in the action of the court in rendering the judgment, the same is not made manifest by bills of exceptions or statement of facts. The transcript discloses that the appellant filed a contest of the administrator's final account, sought to present an alleged claim against the estate, and resisted the discharge of the administrator. On a trial of the issues, the court found the contest without merit, approved the account, and ordered a discharge of the administrator. An appeal from that judgment was immediately prosecuted by the appellant to the district court of Knox county, and no reason is perceived why the latter court was not authorized to exercise appellate jurisdiction in the case, since it is authorized to do so by virtue of article 3291, R. S. 1925.

The third assignment complains that "the court erred in holding that a resident of another state could qualify as administrator of an estate in this forum."

From the transcript of the pleadings, it appears that the deceased's residence at the time of his death was Knox county, Tex., and that his property, or a part thereof, was also situated therein. In the absence of a statement of facts to support the contention, we

have no way of judicially knowing that the county court of Knox county appointed a nonresident administrator of the estate. If the question were before us, and it were necessary for us to decide whether or not a nonresident could be lawfully appointed as administrator of an estate in Texas, we would consider the question settled by the opinion of our Supreme Court through Judge Gaines, in Stevens v. Cameron, 100 Tex. 515, 101 S. W. 791, wherein it is held that letters of administration may be granted to a nonresident.

▋ The fourth assignment is: "The court erred in refusing to hear any evidence in this cause, ordering the same dismissed and then permitting the entry of a judgment."

Without the benefit of a statement of facts and the point properly briefed in the light thereof, we cannot say that the court erred in the respects suggested. When we look to the transcript and examine the judgment from which the appeal is taken, we find it regular in form and supported by the pleadings. After stating that the cause came on for trial, etc., the judgment in part recites: "All parties announced ready for trial. No jury being demanded and the court having heard the pleadings, evidence and argument of counsel, is of opinion that the contestant has shown no cause why the final report of the administrator herein should not be approved." The judgment then proceeds in the usual way, disposing of the issues, and the last paragraph contains appellant's notice of appeal and request for time in which to prepare and file bills of exceptions and statement of facts. On this record, the judgment is unimpeached, and, if there was any vice in the manner of its rendition, the error is not disclosed.

▋ The fifth assignment is to the effect that "the court erred in discharging said administrator and in refusing to appoint some qualified person to finish administering said estate, under the facts as alleged."

If it be granted that "the facts as alleged" would, if established, warrant the court in sustaining the appellant's contentions, nevertheless there is no statement of facts to enable this court to determine whether the facts alleged "were supported by any testimony."

In the absence of a statement of facts or findings of fact by the trial court, or proper bills of exceptions showing the assertions in the assignments to be true and correct, the judgment must be taken on this appeal as proved. Nease v. Broadwater Mercantile Co. (Tex. Civ. App.) 206 S. W. 692; Brown v. Ft. W. & Denver Ry. Co. (Tex. Civ. App.) 41 S. W. 824; 3 Tex. Jur., p. 1062, § 749; Article 2243, Vernon's Ann. Civil Statutes 1925, Notes 67 and 68.

▋ Each of the assignments has been separately dealt with, but in further considera-

tion of the merits of the appeal attention is called to article 3522 of the Revised Civil Statutes, 1925, which is as follows: "When a claim for money against an estate has been rejected by the executor or administrator, either in whole or in part, the owner of such claim may, within ninety days after such rejection, and not thereafter, bring suit against the executor or administrator for the establishment thereof in any court having jurisdiction of the same."

In view of this provision, we have examined the transcript, and especially the appellant's pleadings, and we find that he presented his claim (evidenced by a promissory note for $1,371.66, interest, attorney's fees, etc.) to the administrator Sams for allowance on October 19, 1929, and that said administrator rejected the same on November 28, 1929, indorsing thereon various reasons for so doing. That the county court, on December 10, 1929, also examined and disapproved the claim by an order to that effect. Notwithstanding the statute above, the appellant appears to have done nothing more about the claim until he injected it into the contest of the proceedings by which the administrator sought to have his final report accepted and himself discharged as such administrator. This contest was filed January 19, 1931, and constituted the pleading upon which the appellant then went to trial in the county court and later in the district court.

From the pleadings, it appears that the appellant did not, within ninety days after such rejection, bring suit in any court against the administrator for the establishment of said claim. Concerning the effect of the above statute in the light of the decisions, we take from 14 Texas Jurisprudence, § 371, p. 148, the following: "Because of the mandatory and prohibitory character of the statute above noticed, a failure to institute the suit within the prescribed period bars the claim absolutely, against the heirs as well as against the executor or administrator. In other words the statute in such case extinguishes the right of claimant, instead of merely affecting the remedy. No suit may be filed after the expiration of the statutory period. The statute is one of the regulations of the probate system which, by imposing the loss of his claim on a tardy creditor, tends to facilitate the settlement of estates."

Numerous authorities are cited in support of each statement of the text, and it is unnecessary to here set them out.

As the record comes before us, we are unable to say that the trial court committed any error in the respects claimed, and there is presented no substantial reason why the judgment of the trial court should not be affirmed.

It is so ordered.