### JAYE v. WHEAT et al.

### No. 1922.

Court of Civil Appeals of Texas. Eastland.

June 23, 1939.

Fred O. Jaye, of DeLeon, for appellant.
Oscar Callaway, of Comanche, for appellees.

FUNDERBURK, Justice.

The parties to this suit as named in plaintiffs' First Amended Original Petition are "Mrs. M. D. Wheat, joined by her husband, M. D. Wheat, * * * plaintiffs" and "Bill Brown and Boliver Brown * * *; Boon Brown * * *; John Brown * * *; Mrs. J. H. Lewis and husband J. H. Lewis * * *; Mrs. J. H. Teague and husband J. A. Teague * * *; Mrs. Bill Gleason and husband Bill Gleason * * * and Mrs. F. L. Clark and husband F. L. Clark * * * defendants." The Original Petition named no parties not named in the Amended Petition. Plaintiffs' said trial pleading alleged that defendants were the brothers and sisters (the sisters being joined by their husbands) of plaintiff Mrs. M. D. Wheat, all of whom, with Mrs. Wheat, were children of Mrs. Frances Brown, who died January 1, 1934, leaving an estate consisting of real and personal property of the probable value of $3,000. Services of Mrs. M. D. Wheat to her mother during the last ten years of her mother's life, while she was

an invalid, were described, and alleged to have been of "the reasonable value of $50 per month during the last two years of said services, and $25 for the time theretofore during which said plaintiff kept and cared for her, covering a period of more than eight years."

It was further alleged as follows: "Plaintiff would further show that on or about the 14th day of February, A. D. 1935, application was made by M. D. Wheat in the County Court of Comanche County to be appointed as administrator of the estate of Mrs. Frances Brown, deceased; that thereafter the said M. D. Wheat resigned as said administrator but after he had filed his waiver in this said cause as such administrator and entered his appearance for all purposes in this said cause; that thereafter Harold Williams was appointed to succeed the said M. D. Wheat as such administrator and thereafter on the resignation of said Harold Williams as said Administrator, Fred O. Jaye was appointed by the Court and is now duly qualified and acting administrator of said estate; that said administrators have refused to allow anything to plaintiff herein for the care and keep of the said deceased; that said deceased, because of said services so rendered by the said plaintiff herein, became obligated and bound to pay and promised to pay said plaintiff a reasonable and just compensation for said services so rendered; that said obligation is just, due and unpaid in whole or in part for the services rendered and the contribution so made to the keep and maintenance of said deceased by plaintiff herein; and plaintiff would further show that her claim for maintenance, nursing and care during the last sickness of the deceased is a first and superior claim against said estate."

The prayer was for judgment for the amount of her claim (that is, $50 per month for two years, and $25 a month for eight years) "and that said estate be adjudged to be sold and the proceeds applied first to the payment of her just claim as hereinbefore set out; and for costs of suit and such other and further relief, special and general, in law and in equity as she may show on the trial of this said cause to be justly entitled to, for which let execution issue."

The record shows an answer by Fred O. Jaye, Administrator of the Estate of Frances Brown, deceased, filed May 25, 1938. The answer consists of a general demurrer, a special exception that the claim was shown to be barred by limitation, and a general denial.

One instrument in the transcript entitled "Waiver of M. D. Wheat", after the style of the case and the name of the court, reads:

"Now comes M. D. Wheat, Administrator of the estate of Mrs. Frances Brown, deceased, and waives service of citation in the above numbered and styled cause and hereby enters his appearance for the October term of said court, and agrees that said cause may be submitted at this term of said court in which it may be submitted, and that said cause may be tried with, or without, his personal presence at the present term or at any subsequent term of this court.

"Witness my hand at DeLeon, Texas, this the 5th day of November, A. D. 1935."

Then follows:

"Comes now the defendant M. D. Wheat, administrator of the estate of Mrs. Frances Brown, deceased, and for answer herein as administrator of said estate would represent and show to the court that he has no objections to a full and final adjudication of any and all matters and things that is or may be involved in the claim or demand of Mrs. M. D. Wheat, the plaintiff herein, and that a full and fair adjudication be made of same.

"M. D. Wheat
"Defendant."

The judgment reciting the waiver of a jury and the appearance of plaintiff in person and by attorney "and the administrator of the estate of Mrs. Fannie Brown, deceased, F. O. Jaye, duly appointed and qualified as such administrator in cause No. 1935 in the estate of Fannie Brown deceased, pending in the County Court of Comanche County, Texas", declares the opinion of the court to be that the "law and facts are with the plaintiff Mrs. M. D. Wheat and that she should have and recover of and from the defendant, administrator, F. O. Jaye as such administrator of the estate of Fannie Brown, deceased, the sum of $280.00, together with all costs in this behalf expended" and then formally decrees accordingly.

Fred O. Jaye, administrator, has appealed.

We need notice but one assignment of error which presents also a matter of

fundamental error. It is contended that plaintiff's petition was subject to a general demurrer and this contention we sustain.

From the foregoing statement, it clearly appears that the administrator of the estate of Mrs. Frances Brown was not a party to the suit unless an answer not required by any pleading of the plaintiffs made him a party. No cause of action was alleged against any of the named defendants for one reason, among others, that the pendency of an administration on the estate was alleged, and no fact was alleged showing any such connection of any of the named defendants with the estate, or its administration, as to support a conclusion of their legal liability.

The answer of Fred O. Jaye, as administrator of the estate, could not have the effect of tendering any issues which in any event would entitle the plaintiffs to a judgment against the estate. A plaintiff must recover, if at all, upon findings in response to his own pleadings. New Nueces Hotel Co. v. Sorenson, 124 Tex. 175, 76 S.W.2d 488, 491.

Even if the administrator could be regarded as a party to the suit no cause of action was alleged against him, the pleadings being deficient in several different respects.

In the first place, it appears that the claim sought to be asserted by plaintiffs regarded as a claim against the estate in administration was a claim for money. Revised Statutes 1925, Art. 3509, provides that all claims for money against a testator or intestate shall be presented to the executor or administrator within one year, etc. Under that provision when a claim for money is duly presented and allowed there is no necessity for any suit since the probate court has jurisdiction to be exercised by a special procedure necessarily exclusive. Article 3522 provides that when a claim for money has been rejected by the executor or administrator either in whole or in part, the holder may bring suit within 90 days after such rejection, *and not thereafter*. In a suit in district court upon such a claim, it is essential to the statement of a cause of action that the pleading allege the facts of the presentation and rejection of the claim and show that the suit was filed within 90 days after such rejection. The ninety days is not a statute of limitation in the usual sense, but constitutes a qualification upon the right to maintain the action. Gaston v. Boyd, 52 Tex. 282; Stanfield v. Neill, 36 Tex. 688; Whitemire v. Powell, Tex.Civ.App., 117 S.W. 433, 439; Walker v. Taul, 1 White & W.Civ.Cas.Ct.App. § 28.

Although until recently there was considerable uncertainty in the decisions as to whether a claim of the general nature of that asserted by plaintiffs was, under the terms of the statutes above mentioned, a claim for money, we think that question may be regarded as having been set at rest by the decision in Anderson v. First Nat. Bank of El Paso, 120 Tex. 313, 38 S.W.2d 768. Under the law, as interpreted by that decision, we think there could be no warrant for holding that a claim for personal services such as that asserted by plaintiff, would be different from a claim for medical services, or the legal services of an attorney, etc., which are held to be claims for money, although not liquidated.

But even should it be conceded that the administrator was in all respects properly a party defendant and the claim was not one for money, or was one for any reason not required to be presented to the administrator for allowance, still we think plaintiffs' First Amended Original Petition stated no cause of action. No express contract was attempted to be alleged. The claim of liability was, therefore, upon the theory of a contract implied in fact, or else, one implied in law. The pleading was insufficient to allege a contract implied in fact because of the allegations showing the relationship of Mrs. M. D. Wheat and Mrs. Frances Brown. They were of the same family, and sustained to each other the relationship of daughter and mother. No facts were alleged sufficient to imply a promise on the part of Mrs. Brown, the helpless mother, to pay Mrs. Wheat, her daughter, for the services alleged to have been rendered, and that regardless of the reasonable value of such services, or the magnitude of their benefits to the mother. "Where one person renders services for another, or supports another, the relationship of the parties is of great weight in determining their intention for the purpose of saying whether a contract to pay is to be implied." 13 C.J. p. 286, § 92. It is undoubtedly the law, as further declared by the same authority, that "in the absence of an express contract or of circumstances showing that compensation was expected and intended, it is presumed that the

support furnished or services rendered were intended to be gratuitous in the case of parent and child." Id.

Plaintiffs having alleged facts to give rise to the presumption that the services were rendered gratuitously and having failed to allege facts, if any, to rebut such presumption, the effect of the pleading as regards its sufficiency to state a cause of action is the same as if it alleged the services were rendered gratuitously.

The same is equally true, and for the same reason, if it be assumed that the claim asserted was based upon the theory of a contract implied in law, otherwise called a quasi-contract, or quantum meruit. As to services rendered by a daughter to her helpless mother while a member of the same household, there is absent from the allegations more than one of the essential elements to show the existence of any such (so-called) contract.

Plaintiffs' pleading being wholly insufficient, in our opinion, to support any judgment for plaintiffs, it is our conclusion that the judgment of the court below should be reversed and the cause remanded. It is so ordered.