POOLE v. RUTHERFORD et al.

No. 14806.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 17, 1947.

Rehearing Denied Feb. 21, 1947.

See, also, Tex.Civ.App., 190 S.W.2d 146.

Sam B. Spence and J. Walter Friberg, both of Wichita Falls, for appellant.

Marshall & King, Fred T. Arnold and T. J. Rodgers, all of Graham, for appellees.

McDONALD, Chief Justice.

J. J. Grubbs, a resident of Young County, Texas, died intestate on December 24, 1944. His two daughters, Mrs. Louetta Poole and Mrs. Ethel Rutherford, were his surviving heirs. Mrs. Poole was appointed and qualified as administratrix of his estate. Mrs. Rutherford and her husband presented to the administratrix a verified claim which, omitting the formal parts, reads as follows:

"For services rendered in nursing, caring for and furnishing for J. J. Grubbs during his last sickness for a period of 20 months, beginning February 23rd, 1943, to and including December 24th, 1944, 20 months services at the reasonable cost of $12.00 per day for 24 hours per day, which equals $360.00 a month for 20 months . . . $7200.00."

The claim was dated February 1, 1946, and on February 19, 1946, was rejected in toto by the administratrix by an indorsement in writing.

The claim was filed with the county clerk, and on March 25, 1946, the claim was presented to the county judge, who on said date entered an order declaring in substance that the parties and their attorneys appeared and submitted the matter in controversy, that the claim had theretofore been disapproved by the administratrix, and that the court, having heard the evidence, the arguments of counsel and all matters of fact as well as law, approved the claim in the amount of $5 per day for eighteen months and $12 per day for two months, and adjudging that the claimants recover of and from the estate the sum of $3,420 and ordering the administratrix to pay the claim out of any funds or property in her possession.

The administratrix appealed from said order to the district court, the record on appeal being filed on March 29th, and docketed as cause No. 11,678. On May 22d Mr. and Mrs. Rutherford filed in said cause a pleading styled as their original petition. On May 28th the Rutherfords filed an original action in the district court, docketed as cause No. 11,728, seeking a recovery on their claim for services rendered Mr. Grubbs. On May 31st the two causes were consolidated by order of the court. The pleadings are sufficient to raise the issues which we shall discuss.

Trial before a jury resulted in a judgment in favor of the Rutherfords in the sum of $4,800. The administratrix has appealed, presenting eight points of error.

It is first contended that appellees are cut off from prosecuting their claim by reason of the provisions of Article 3522 of the Revised Civil Statutes, which reads as follows: "When a claim for money against an estate has been rejected by the executor or administrator, either in whole or in part, the owner of such claim may, within ninety days after such rejection, and not thereafter, bring suit against the executor or administrator for the establishment thereof in any court having jurisdiction of the same."

■ Appellees argue that their claim for services rendered Mr. Grubbs was not a claim for money such as is governed by the provisions of Article 3522. We overrule this contention under authority of Anderson v. First Nat. Bank of El Paso, 120 Tex. 313, 38 S.W.2d 768, and Jaye v. Wheat, Tex.Civ.App., 130 S.W.2d 1081. The latter case .involved the same kind of claim as that involved here.

A claim for money is first presented to the administrator for approval or rejection. Art. 3509. It must be verified. Art. 3514. When it is presented to the administrator, he is required to indorse thereon or annex thereto a memorandum in writing signed by him, allowing or rejecting the claim. Art. 3516. If the claim is allowed by the administrator, it must be entered upon the claim docket, and then be passed on by the county judge. Art. 3520. If, however, the claim is rejected by the administrator, in whole or in part, it is not then presented to the county judge, but the owner of the claim may, within ninety days after rejection by the administrator, and not thereafter, bring suit against the administrator for the establishment of the claim in any court having jurisdiction of the same. Art. 3522.

■ As has been pointed out, the claim presented by appellees to the administratrix was rejected on February 19th, and suit was not filed thereon in the district court for more than ninety days after that date. The claim was mistakenly presented to the county judge after the rejection by the administratrix, but the county judge, sitting in probate, had no authority to hear a claim which had been rejected by the administra-

trix. His authority was limited to passing on claims which had been approved by the administratrix. Appellees have offered argument to the effect that the administratrix was disqualified to pass on the claim by reason of being interested in the estate, and that the claim was therefore properly presented to the county judge, likening the case to that of a claim held by the administrator, which is required by Articles 3526 and 3527 to be acted on by the county judge. We can find no support either in the statutes or in the decisions for the argument advanced þy appellees. As a rule administrators are interested in the estates they administer. Most of the persons entitled to preference in the order of appointment are persons who are interested in the estate. Art. 3357. There is nothing in the statutes to suggest that administrators are disqualified to pass on claims against the estate simply because they are interested in the estate.

Since early days our probate laws have required that suit be brought on a rejected claim for money within three months. In Page v. Findley, 5 Tex. 391, 392, where the early statute is set out, in language similar to that found in Article 3522, Chief Justice Hemphill declared that the failure to allege compliance with the statute by bringing suit within ninety days could be taken advantage of by plea or demurrer. The petition in Jaye v. Wheat, Tex.Civ.App., 130 S.W.2d 1081, was held subject to general demurrer for failure to allege facts showing that the suit had been brought within ninety days after rejection of the claim by the administrator. In Gaston v. Boyd, 52 Tex. 282, it was held that the claim was barred because the suit was not brought within the ninety day period.

Appellees seek to avoid the effect of their failure to file suit in the district court within the required ninety days by reason of the provisions of Article 5539a, Vernon's Tex.Civ.St., Acts 1931, 42d Leg., p. 124, ch. 81, which reads as follows: "When an action shall be dismissed in any way, or a judgment therein shall be set aside or annulled in a direct proceeding, because of a want of jurisdiction of the Trial Court in which such action shall have been filed, and within sixty (60) days after such dis-

missal or other disposition becomes final, such action shall be commenced in a Court of Proper Jurisdiction, the period between the date of first filing and that of commencement in the second Court shall not be counted as a part of the period of limitation unless the opposite party shall in abatement show the first filing to have been in intentional disregard of jurisdiction."

■■ They argue that the presentation of the claim to the county judge after its rejection by the administratrix amounted to an action in a trial court without jurisdiction such as would suspend the running of the ninety day time limit. Appellant argues that the proceeding before the county judge was not an action in a trial court. She argues that the filing of suit on the claim as a civil suit in the county court would have been an action in a trial court not having jurisdiction, but that no pleadings were filed in the county court, sitting as a probate court, and that the proceeding consisted of no more than an unwarranted attempt by the county judge to pass on the claim after it had been rejected by the administrator. The county court is a court of general jurisdiction when sitting in probate matters, and it is provided by statute that its action on a claim shall have the force and effect of a final judgment. Art. 3525. But whether or not the proceeding before the county judge was an action in a trial court not having jurisdiction, within the purview of Art. 5539a, another question to be determined is whether the ninety day period set out in Art. 3522 is a period of limitation such as is contemplated by Art. 5539a. We have come to the conclusion that Art. 3522 is not a statute of limitation in such sense. It is not a part of our general limitation statutes, but is a strict rule of probate procedure, which in its operation can result in the shortening of the general period of limitation. As is said in Jaye v. Wheat, Tex.Civ.App., 130 S.W.2d 1081, 1084, cited supra: "The ninety days is not a statute of limitation in the usual sense, but constitutes a qualification upon the right to maintain the action."

In Gaston v. Boyd, 52 Tex. 282, the court refers to the rule that claims will become barred unless presented to the administrator within a given time, and then holds that the failure to sue within the ninety day limit, after rejection of the claim, must, to quote from the opinion, "as effectually extinguish it as the failure to present it within the time required under the former law." In Cotton v. Jones, 37 Tex. 34, the owner of the claim sought to be relieved of his failure to bring suit within ninety days after rejection of the claim by showing that the executor was out of the state at the time the claim was rejected and remained out of the state until the institution of the suit. The court nevertheless held that the claim was barred, saying:

"We are of the opinion that Article 1311, Paschal's Digest, which requires suit to be brought within three months, is not properly a statute of limitation which would be suspended under the provisions of Article 24, Paschal's Digest.

"The authentication of a claim against the estate of a deceased person, and the presentation of that claim for allowance and approval, are to all intents and purposes the commencement of the prosecution of that claim, and if, on presentation, the same be allowed and approved, it becomes a judgment against the estate, but if it be rejected, then Article 1311, Paschal's Digest, gives a further remedy, very much in the nature of an appeal, upon condition that the same be prosecuted within three months. The provisions of this statute are very similar in character to those providing for new trials, appeals, and writs of error, to the Supreme Court, and these have been decided not to be statutes of limitation. Cunningham v. Perkins, 28 Tex. 488, 490; State v. Kroner, 2 Tex. 492. And if not statutes of limitation, then they are not affected by the provisions of Article 24, Paschal's Digest."

The holding in Cotton v. Jones is cited with approval by the Supreme Court in Hunter v. Lanius, 82 Tex. 677, 18 S.W. 201, where it is again said that the suit on the rejected claim is in the nature of an appeal from the action of the administrator on the claim.

The ninety day statute is thus described in Stanfield v. Neill, 36 Tex. 688:

"We have not hitherto, nor do we now recognize the law limiting the time, after presentation and rejection, to the commencement of suits against executors and administrators, as properly a statute of limitations, suspended by the present Constitution.

"It is one of the regulations of our probate system, which imposes the loss of the claim, if the party neglects to bring his suit within the time required to facilitate the settlement of the estates of deceased persons."

This case is cited and followed in Jaye v. Wheat, supra.

The opinion in Thacker v. Sams, Tex.Civ App., 44 S.W.2d 391, 392, cites with approval the following quotation from 14 Texas Jurisprudence, p. 148: "Because of the mandatory and prohibitory character of the statute above noticed, a failure to institute the suit within the prescribed period bars the claim absolutely, against the heirs as well as against the executor or administrator. In other words the statute in such case extinguishes the right of claimant, instead of merely affecting the remedy. No suit may be filed after the expiration of the statutory period. The statute is one of the regulations of the probate system which, by imposing the loss of his claim on a tardy creditor, tends to facilitate the settlement of estates."

In view of the above pronouncements, it is our opinion that the provisions of Art. 5539a are not applicable to cases governed by Art. 3522. Appellees' claim was therefore barred at the time they filed suit thereon in the district court. This renders unnecessary a discussion of other questions raised by the briefs.

It appearing that there is an insurmountable obstacle to a recovery by appellees, the judgment of the trial court is reversed and judgment is here rendered that they take nothing by their suit.

### On Motion for Rehearing

As shown in our original opinion, appellees' claim was presented to the administratrix, and was rejected by the administratrix on February 19th. On March 23d the county court undertook to pass on the claim, and allowed it in part. On March 29th the administratrix perfected an appeal to the district court from the order of the county court. On May 22d appellees filed a pleading, styled as their original petition, in the cause thus appealed to the district court. This was more than ninety days after the date the administratrix rejected their claim. On May 28th appellees filed in the district court an original suit on their rejected claim. The two causes were consolidated by order of the district court. In the final judgment of the district court the order of the county court purporting to allow the claim in part was declared null and void, but a recovery was awarded appellees on their original suit filed in the district court.

In their motion for rehearing in this court appellees urge among other things that the lodging of the appeal in the district court on March 29th vested the district court with jurisdiction of appellees' claim, and had the effect of satisfying the requirement of Article 3522 that suit on the claim be filed in a court of proper jurisdiction within ninety days after the rejection of the claim by the administratrix.

The district court did not acquire jurisdiction of the claim by virtue of the appeal filed by the administratrix. It acquired jurisdiction of such claim only by the filing of the original suit by appellees in that court. The county court had no jurisdiction to pass on the rejected claim, and the district court acquired no jurisdiction to do so on the appeal. It had jurisdiction in the probate appeal only to declare null and void, as it did, the unauthorized order of the county court. The situation is analogous to that found in Huston v. Cole, 139 Tex. 150, 162 S.W.2d 404, 406, where it was said: "The probate court being without jurisdiction to pass on the question raised by Mrs. Garner, the district court had none on appeal, its jurisdiction being limited to such as the probate court could properly have exercised."

After careful consideration, we are of the opinion that the motion for rehearing should be overruled, and it is so ordered.